**In re Barbara LAMARINE.**

**86–298–M.P.**

Supreme Court of Rhode Island.

July 1, 1987.

Richard A. Ciccone (Ciccone & Coughlin Law Associates), Providence, for plaintiff.

Martin Aisenberg, City Sol., Providence, for defendant.

## OPINION

FAY, Chief Justice.

This is a petition for certiorari brought by the petitioner, Barbara Lamarine (Lamarine), from a probation violation hearing wherein the District Court judge adjudged the petitioner to be in violation of the terms of her probation and executed a previously imposed six-month suspended sentence. We affirm.

On November 7, 1985, Lamarine entered a plea of nolo contendere to a charge of loitering for prostitution pursuant to G.L. 1956 (1981 Reenactment) § 11–34–8, as amended by P.L. 1983, ch. 196, § 1.[1] She was given a six-month suspended sentence and placed on one year's probation. Lamarine was arrested again on the same charges on March 4, 1986. Probation-revocation proceedings were instituted; a trial on the merits and a violation hearing were combined in a hearing before a District Court judge on March 12, 1986.

The sole witness to testify at the hearing was Sergeant William R. Paniccia, Jr., of the Providence Police Department. He testified that on March 4, 1986 he was on patrol in the Manton Avenue area near Pelham Street in Providence because of numerous complaints of prostitution. He assumed a position of observation in an unmarked police car approximately two blocks away from the intersection.

As Paniccia watched the area, he observed Lamarine walking slowly up and down the sidewalk, flagging down only those passing cars that were occupied by males. At one point, Paniccia observed Lamarine engage a male occupant of one car in conversation, get into the car, leave the area, return approximately ten to fifteen minutes later, and resume her prior activities. After a half hour of observing these activities, Paniccia arrested Lamarine.

The trial judge at the conclusion of the hearing stated that the testimony regarding defendant's resumption of her activities of calling only male drivers over to the curb, after having left and returned with one male driver, convinced him that she was not looking for a ride for any legitimate purpose. He therefore found her guilty as charged.

Lamarine filed timely appeals to the Superior Court from both her conviction for loitering for prostitution and the finding of her violation of the terms of her probation. She also filed a petition for certiorari in this court with regard to the violation determination, which petition we granted.

Lamarine contends that the prosecution did not meet its burden of proof at the violation hearing since there was no evidence that she was stopping cars for the purpose of prostitution. She argues that because the evidence presented was so scant, the trial justice was forced to infer that she was stopping cars for the purpose of prostitution and that she then engaged in sexual acts with the occupants. She asserts that an inference drawn upon an

---

1. General Laws 1956 (1981 Reenactment) § 11–34–8, as amended by P.L.1983, ch. 196, § 1, states:

"Loitering for indecent purposes.—(a) It shall be unlawful for any person to stand or wander in or near any public highway or street, or any public or private place, and attempt to engage passersby in conversation, or stop or attempt to stop motor vehicles, for the purpose of prostitution or other indecent act, or to patronize or induce or otherwise secure a person to commit any such act. Any person found guilty under this section, shall be deemed guilty of a misdemeanor and shall be subject to imprisonment for a term not exceeding six (6) months or by a fine of not less than one hundred dollars ($100) nor more than five hundred dollars ($500), or both.

"Any person found guilty of a subsequent offense under this section, shall be subject to imprisonment for a term of not more than one year, or a fine of not less than two hundred fifty dollars ($250) nor more than five hundred dollars ($500), or both."

inference in this manner is only proper if the first inference is established to the exclusion of all other inferences. Here, according to Lamarine, the first inference, stopping cars for prostitution, was purely conjectural and not established to the exclusion of all other inferences.

Before discussing the substantive issue raised by Lamarine, we shall briefly address the city's contention that this case is improperly before us and that we should reconsider the petition. The city argues that G.L. 1956 (1981 Reenactment) § 12–22–1 and Rule 37 of the District Court Rules of Criminal Procedure, which provide for the appeal of adjudications to the Superior Court, were the proper avenues to be followed in this matter. We disagree.

Section 12–22–1 provides:

"Every person aggrieved by *the sentence of the district court* for any offense other than a violation may, within five (5) days after such sentence appeal therefrom to the superior court for the county in which the division of the district court is situated, by claiming an appeal in the court or in the office of the clerk of the court appealed from or at any of the penal institutions of the state, before any justice of the supreme or superior court, or before a justice or clerk of the court appealed from, or before any of the persons authorized to take bail at said penal institutions." (Emphasis added.)

Rule 37 provides:

"A defendant aggrieved by *a sentence of the District Court* may appeal therefrom to the Superior Court for the county in which the division of the District Court is situated. The appeal may be claimed by giving oral or written notice of appeal in open court or by filing a written notice of appeal with the clerk of the division in which the sentence was imposed. Notice of appeal shall be given within five (5) days of the imposition of

sentence appealed from." (Emphasis added.)

The statute and rule permit appeals from the sentence of the District Court within five days of imposition. Neither the statute nor the rule applies to this probation-violation determination, however, because the District Court judge, once he found Lamarine to be a violator, was not sentencing defendant; rather, he was merely executing a previously imposed sentence. To read the statute and rule as the city suggests would rob the District Court of its ability to enforce its own sentences. This we shall not do.

As for the substantive issue, it is well recognized that a probation-revocation hearing is not part of the criminal-prosecution process and thus is not entitled to the full panoply of due-process rights. *See Gaze v. State*, 521 A.2d 125 (R.I.1987); *State v. DeRoche*, 120 R.I. 523, 389 A.2d 1229 (1978). Accordingly, the prosecution is not required to prove an accused's violation of probation beyond a reasonable doubt; rather, the prosecution need only establish the violation by reasonably satisfactory evidence. *State v. Bourdeau*, 448 A.2d 1247, 1249 (R.I.1982). Moreover, this court's review is limited to a consideration of whether the trial justice acted arbitrarily or capriciously in finding a violation. *Id.*

Here, the facts and information revealed at the hearing established that Lamarine waved at and attempted to call over to the curb only those cars that were occupied by males and that on one occasion she left with a man in a red car, returned to the same area in the same car fifteen minutes later, and resumed her prior activities. From this testimony, the trial judge needed to draw but one inference in rendering his decision: that Lamarine's purpose in stopping male-occupied vehicles was for prostitution.[2] Indeed, as was the trial judge, we are hard pressed to decipher any logical explanation for Lamarine's behavior other than that she was loitering for the

---

**2.** Contrary to Lamarine's argument, the trial judge did not have to infer that the defendant was stopping vehicles because that was part of the direct testimony. Nor did the trial judge have to infer that the defendant ever engaged in a sexual act; § 11–34–8 does not require that a sexual act occur.

purpose of prostitution. Therefore, the evidence being reasonably satisfactory to support the conclusion that Lamarine violated the terms of her probation, we cannot say that the trial judge acted arbitrarily or capriciously.

For the above-stated reasons, the petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the papers in the case are remanded to the District Court with our decision endorsed thereon.