STATE

v.

John GODDU.

No. 93–360–C.A.

Supreme Court of Rhode Island.

March 24, 1994.

Jeffrey Pine, Atty. Gen., Aaron Weisman, Chief, Appellate Div., Providence, for plaintiff.

Richard Casparian, Public Defender, Janice Weisfeld, Barbara Hurst, Asst. Public Defenders, for defendant.

OPINION

PER CURIAM.

This matter came before the Supreme Court pursuant to an order directing the

defendant, John Goddu, and the state to appear and to show cause why the issues raised in this appeal should not be summarily decided. After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown.

The defendant has appealed from a Superior Court denial of his motion to vacate the revocation of his probation. At the original probation-revocation hearing the victim testified that at 10:45 p.m. on December 27, 1990, he was watching television in the basement of his home. His wife, who had borne a child of defendant, and two of his children were present when defendant entered the room. An altercation began immediately, and defendant purportedly threatened to kill the victim. The altercation escalated, and defendant stabbed the victim seven times in the back with an ice pick. The two struggled on the floor until police and paramedics arrived twenty minutes later. The victim required hospitalization for his injuries.

The defendant testified in his own defense. He claimed that he went to the victim's home in an effort to discuss some visitation for him with his daughter. A babysitter opened the door and directed defendant to the basement. The defendant was carrying an ice pick that he claimed to have picked up in the yard before entering the house and which he intended to return to the babysitter's husband to whom defendant thought it belonged. He claimed that the victim assaulted him immediately, causing his head to go through a Sheetrock wall. The defendant struggled to get free, finally stabbing the victim with the ice pick in self-defense.

The trial justice found defendant to be a violator of his previously imposed probation and ordered him to serve ten years at the Adult Correctional Institutions and upon his release to serve forty-two months suspended and forty-two months probation. The defendant's motion for reconsideration was denied.

The defendant subsequently was tried and acquitted on the charges arising out of the stabbing. The defendant then moved to vacate the adjudication of violation.

At the conclusion of the hearing on his motion to vacate, the trial justice found that defendant had violated the terms of his probation notwithstanding the not-guilty verdict on the underlying charge. The trial justice in the clearest of terms discredited defendant's testimony regarding the possession and use of the ice pick when he went into the victim's house. She found specifically that he had entered the house armed with a weapon, a clear violation of the terms of his probation.

 Our review of an adjudication of violation is limited to a consideration of whether the trial justice acted arbitrarily or capriciously. *State v. Bourdeau*, 448 A.2d 1247, 1249 (R.I.1982). In this case it is very clear that the trial justice did not believe defendant's version regarding virtually every aspect of the incident. Our review of the record reveals that she was justified in doing so.

For these reasons the defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.