[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Defendant is charged with the crime of "Loitering for Indecent Purposes," in violation of G.L. 1956 (1981 Reenactment) § 11-34-8. The facts giving rise to this allegation are gleaned from the arrest report and the memoranda submitted by the parties. Defendant is moving to dismiss the complaint on several grounds. The defendant alleges the statute itself is unconstitutional, it violates his rights to privacy, to equal protection of the laws, and to free speech.
In the face of complaints about people being solicited for sex while viewing X-Rated videos at the VIDEO EXPO Store in North Kingstown, members of the North Kingstown Police Department undertook an undercover investigation of this alleged activity. Patrolmen Emerson entered a room lined with small video viewing booths. During the course of Emerson's investigation he states the following events occurred:
 Just as I exited the [pornographic video] booth a man, later identified as Kent Quitevis, motioned me by nodding his head into one of the other booths. I entered that booth with Quitevis and he immediately reached for my groin area. I turned away and stated I did not feel comfortable in the video shop. I asked him what he wanted to do, he replied "I'll blow you." I suggested we go outside to my van . . . . While we walked out to the van I asked Quitevis if this would cost anything, he stated "No."
Defendant was thereupon arrested and charged with Loitering for Indecent purposes in violation of § 11-34-8 of the general laws. That statute provides:
 11-34-8. Loitering for indecent purpose. —
 (a) It shall be unlawful for any person to stand or wander in or near any public highway or street, or any public or private place, and attempt to engage passerby in conversation, or stop or attempt to stop motor vehicles, for the purpose of prostitution or other indecent act, or to patronize or induce or otherwise secure a person to commit any such act. * * *
Penal statutes must be strictly construed, State v.Dussault, 121 R.I. 751, 403 A.2d 244; and of course, must be given their plain and ordinary meaning. State v. Gonsalves,476 A.2d 108 (R.I. 1984). However, in construing a statute it is incumbent upon the Court to ascertain and give effect to the intent of the Legislature. The Court may not adopt a construction that would defeat the purpose of the Statute, State v.Gonsalves, supra, citing Coletta v. State, 106 R.I. 764,263 A.2d 681 (1970), nor may the Court attribute to the Legislature a meaningless or absurd result. Beaudoin v. Petit, 409 A.2d 536
(R.I. 1979).
Clearly, this statute and other similar penal enactments found in Chapter 34 of Title 11 of the General Laws entitled "Prostitution and Lewdness," is intended to prevent the act of prostitution and to prohibit persons from standing, wandering or loitering for purposes of prostitution or to engage others to commit an indecent act with or without the payment of money.
Defendants first challenge can best be described as one of geography. Defendant asserts the Statute is unconstitutional because it reaches not only public places such as parks and highways but also private property such as video stores and shopping malls. This argument is without merit. Defendant has no standing to suggest he was in a private place. He has no privacy interest or expectation of privacy in these premises, he is merely a business invitee.
Further, this statute clearly evidences a legislative intent to prohibit any person from asking others, including strangers in a video store, to engage in prostitution or other indecent acts. While the defendant does not specifically challenge the statute on vagueness or overbreadth grounds, he suggests a broad reading of the statute could reach into the marital bedroom. This argument must also fail. It is axiomatic that one whose conduct falls squarely within the prohibitions of a statute may not complain about the vagueness of the law as applied to others.Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,455 U.S. 489 (1982). Parker v. Levy, 417 U.S. 733 (1974). Defendant is alleged to have engaged in conduct which the statute clearly proscribes. The statute must be examined in the light of the defendant's alleged conduct and not by any hypothetical applications urged upon the court by the defendant. This defendant was arrested for soliciting a member of the North Kingstown Police Department to commit the act of fellatio. This act is specifically proscribed by the statute. Thus, the defendant may not now complain this statute could possibly be applied in an unconstitutional manner to others. Accordingly, the vagueness challenge must fail.
Any challenge to a statute on overbreadth grounds begins with an examination of the statute to determine whether it reaches a substantial amount of constitutionally protected conduct. Boosv. Barry, 485 U.S. 312, 329 (1988); Houston v. Hill, 482 U.S. 451, 458-59 (1987). If the law does not reach a substantial amount of constitutionally protected conduct then the overbreadth challenge fails, Hoffman Estates, supra.
The Constitution simply does not guarantee one the services of a prostitute or the right to approach a stranger and by word and gesture attempt to engage that stranger in the act of fellatio. Defendant has simply failed to demonstrate that this Statute could possibly reach any conduct which is protected by the Constitution.
Defendant next alleges that because this investigation centered on homosexual contacts between men, that the male segment of the North Kingstown population has been singled out and discriminated against. This argument is equally without merit. The plain language of § 11-34-8 is gender neutral and makes no gender based classification. To suggest that § 11-34-8
has not been applied to females in Rhode Island is simply incorrect. See In re Lamarine, 527 A.2d 1133 (R.I. 1987). Equal Protection does not require identity of treatment; rather, it requires that classifications created by state action rest upon real and not feigned differences. Washington v. U.S., 130 U.S. App. D.C. 374, 401 F.2d 915 (1968).
Merely because only males were arrested that day at VIDEO EXPO does not, in any way suggest a classification based upon gender.
Defendant next suggests the statute violates his right to privacy. He bases this argument on a decision by Wiley, J. inState v. Lopes, slip. op. P1/90-3789 (March 14, 1994). This argument must fail in the face of State v. Santos, 413 A.2d 58
(R.I. 1980) in which the Rhode Island Supreme Court held in clear and unequivocal terms that the constitutional guarantee of personal privacy extends to the marital relationship, and to questions of contraception and whether to terminate a pregnancy.
While the Court recognizes a right of privacy which is broader than that enunciated in State v. Santos, supra, such a right does not afford Constitutional protection to one who solicits homosexual sodomy or fellatio in a business open to the public. State v. Milne, 187 A.2d 136 (R.I. 1962).
Further, in State v. Lopes, the trial justice draws a distinction between married and unmarried persons. This decision simply does not apply to this defendant who is accused of the solicitation of another, not the actual commission of the sexual act.
Finally, and incredibly, defendant suggests his conduct falls within the ambit of protected free speech; that somehow he was engaged in expressive conduct. This agreement is devoid of merit.
Where both speech and nonspeech elements are combined in the same course of conduct, governmental regulation of speech is justified if it is within the constitutional power of the government. Where the government seeks to further a substantial and important governmental interest unrelated to the suppression of free expression and the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest, such governmental regulation is justified. U.S. v. O'Brien, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968).
Unquestionably there exists an important and substantial interest in eliminating acts of prostitution. The state's interest in prohibiting prostitution is unrelated to the suppression of free speech. Simply put, in most cases prostitution involves the spoken word, for one must communicate a message to another.[1] Speech which is part of a course of criminal conduct is not constitutionally protected. See Giboneyv. Empire Storage Co., 336 U.S. 490, 695 S.Ct. 684, 93 L.Ed.2d 834 (1949).
This Court has carefully considered the arguments presented by counsel for both sides and concludes that defendant's challenge to the constitutionality of the statute and its application to him must fail.
Accordingly, the Court denies defendant's request for an evidentiary hearing and denies defendant's motion to dismiss.
[1] The Court is mindful that the allegation against this defendant also includes a statement that Quitevis reached for his groin area. Clearly this is conduct outside the spoken word.