**1218**

■

## STATE

v.

### Jesus CONTRERAS–CRUZ.

### No. 94–371–C.A.

Supreme Court of Rhode Island.

March 9, 1995.

Andrea Mendes, Aaron Weisman, Providence.

Janice Weisfeld, Paula Rosin, Providence.

### ORDER

This case came before the Supreme Court for oral argument on February 22, 1995, pursuant to an order that directed the defendant, Jesus Contreras–Cruz, to show cause why his appeal should not be summarily decided. The defendant has appealed from an adjudication in Superior Court that found him to be a violator of the terms of four previously imposed suspended sentences.

After reviewing the memoranda submitted by the parties and after hearing the arguments of counsel, we are of the opinion that cause has not been shown; therefore, the case will be decided at this time.

The basis of defendant's violation was a charge of first-degree sexual assault. At the violation hearing, defendant testified that the sexual intercourse was consensual, and that he had had one previous sexual relationship with the woman. The defendant contended that the trial justice erred in excluding evidence of the woman's knowledge and awareness of events during the alleged assault, thereby precluding defendant from impeaching the woman's credibility and from presenting evidence of consent.

It is well established that this court will not disturb a trial justice's exercise of discretion in determining the relevance of evidence except in cases of "clear abuse, and then only when such abuse constitutes prejudicial error." *State v. Anthony*, 422 A.2d 921, 924 (R.I.1980). Our review of the record establishes that the trial justice did allow defendant's counsel to cross-examine the woman in respect to alleged inconsistencies and that evidence of defendant's relationship with the woman was admitted during defendant's direct examination.

At a probation revocation hearing the accused's violation of probation does not require proof beyond a reasonable doubt. Rather, the prosecution must establish the violation only by reasonably satisfactory evidence. *In re Lamarine*, 527 A.2d 1133, 1135 (R.I.1987). The evidence in this case met the burden of proof required in a violation hearing. This court's review is limited to a determination of whether the trial justice acted arbitrarily or capriciously in finding a violation. *Id.*

At the violation hearing in the instant case, the defendant and the woman gave conflicting testimony. The trial justice's conclusion that the defendant engaged in sexual intercourse without the woman's consent was neither arbitrary nor capricious.

Therefore, the appeal is denied and dismissed and the adjudication of the Superior Court is affirmed.