STATE

v.

Gary O'ROURKE.

No. 94–608–C.A.

Supreme Court of Rhode Island.

March 31, 1995.

Andrew Berg, Aaron Weisman, Providence.

Catherine Gibran, Paula Rosin, Providence.

ORDER

This matter came before the Supreme Court on March 13, 1995, pursuant to an order directing both the state and the defendant to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case the defendant has appealed from a judgment entered in Superior Court finding him to be a violator of the terms of two previously imposed suspended sentences. The violation was based on charges that the defendant possessed a needle and syringe, possessed heroin, and resisted arrest.

After reviewing the memoranda submitted by the parties and after hearing counsel for

the state and defendant in oral argument, this court concludes that cause has not been shown. The appeal will be decided on the merits at this time.

At the violation hearing two officers of the Providence police department testified that they saw defendant exit a residence known to be "notorious for selling narcotics." As they approached defendant in their marked vehicle they saw him "discard with his right hand what appeared to be a hypodermic needle and syringe to the sidewalk on his right-hand side." The defendant "hurriedly walked toward the driver's side of his vehicle." The officers stopped and seized the item, a hypodermic needle that had been discarded by defendant. After defendant was handcuffed a search of defendant uncovered five packets of what was later identified as heroin in his pants pocket. The defendant was placed in the back seat and driven to the police station. After defendant left the police car one of the officers discovered two hypodermic needles in the rear seat of the police vehicle.

At a probation revocation hearing "the prosecution is not required to prove an accused's violation of probation beyond a reasonable doubt; rather, the prosecution need only establish the violation by reasonably satisfactory evidence." *In re Lamarine,* 527 A.2d 1133, 1135 (R.I.1987). "Moreover, this court's review is limited to a consideration of whether the trial justice acted arbitrarily or capriciously in finding a violation." *Id.*

The court is of the opinion that the trial justice could reasonably conclude that defendant was in possession of a needle and syringe. Such a conclusion was not arbitrary nor capricious.

For these reasons the defendant's appeal is denied and dismissed, the judgment of the violation is affirmed, and the papers of the case are remanded to the Superior Court.