**STATE**

v.

**Clifford R. BURGESS.**

**No. 94–680–C.A.**

Supreme Court of Rhode Island.

April 13, 1995.

Jodi Gladstone, Aaron Weisman, Providence.

Barbara Hurst, Paula Rosin, Providence.

## ORDER

This case came before the Supreme Court for oral argument on April 7, 1995, pursuant to an order that directed the defendant, Clifford R. Burgess, to show cause why the issues raised in his appeal should not be summarily decided. The defendant has appealed from a Superior Court adjudication that found him to be in violation of a previously imposed probation.

After hearing the arguments of counsel and after reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown, and the appeal will be decided at this time.

After a hearing, the trial justice found that defendant had violated the terms and conditions of his probation and then sentenced defendant to serve ninety-nine months. The defendant alleged that the trial justice was clearly wrong in believing the testimony of two witnesses who testified that they saw defendant with a knife in his hand.

At a probation revocation hearing, the prosecution need only establish a violation of probation by reasonably satisfactory evidence. *State v. Koliscz,* 636 A.2d 1329, 1330 (R.I.1994). A hearing justice has broad discretion to revoke or to continue probation. *State v. Chase,* 588 A.2d 120, 123 (R.I.1991). This court's review of an adjudication of violation is limited to a consideration of whether the trial justice acted arbitrarily or capriciously. *State v. Goddu,* 639 A.2d 62, 63 (R.I.1994) (Per Curiam).

In the instant case, the victim and an independent witness both testified that they saw in defendant's hand a knife which he waved, brought or pushed toward the victim's face. In contrast to that testimony, defendant, his wife, and his good friend, admitted that the confrontation occurred but denied that a knife was involved.

The tasks of weighing evidence and assessing the credibility of witnesses are the functions of the trial justice. *State v. Studman,* 121 R.I. 766, 770, 402 A.2d 1185, 1187 (1979). In this case, the trial justice examined the testimony and the potential for bias on the part of the witnesses and noted that the issue in this case was that of the credibility of the witnesses. It is our conclusion that the trial justice did not act arbitrarily or capriciously in resolving the conflict in testimony against defendant.

Consequently, we deny and dismiss the appeal, and affirm the judgment of the Superior Court.