**STATE**

v.

**Douglas OGILVIE.**

**No. 94–538–A.**

Supreme Court of Rhode Island.

April 13, 1995.

Jane McSoley, Aaron Weisman, Providence.

Barbara Hurst, Paula Rosin, Providence.

ORDER

This matter came before the Supreme Court for oral argument on April 3, 1995, pursuant to an order directing the defendant, Douglas Ogilvie, to show cause why his appeal should not be summarily decided. The defendant has appealed from a judgment entered in Superior Court that found him to be a violator of the terms of three previously

imposed sentences. The trial justice ordered that defendant serve three years of a five-year sentence, and continued the two previously imposed suspended sentences.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown, and the appeal will be decided at this time.

At the violation hearing, police officers testified that Elizabeth Avanzino, who had earlier filed a domestic assault complaint against defendant, told them that defendant had stolen a mountain bicycle. The officers testified that they saw a blue and white mountain bicycle in Avanzino's kitchen during their second visit to the apartment. The officers also testified that they observed defendant wearing a black wet suit with red trim during this second visit. Avanzino testified at the hearing that she had no knowledge of the circumstances under which the bicycle had appeared in her kitchen and that she had lied to police when she told them defendant had stolen the vehicle. Avanzino's friend, Melissa Welch, testified that she was at the apartment when defendant asked if someone would bring the bicycle inside, and that later she saw the bicycle in the kitchen. The owner of the bicycle, John Small, testified that a black wet suit and the bicycle had been stolen and that the year before he had purchased the bicycle for $556 plus tax.

The trial justice found that Avanzino was telling police the truth when she informed them that defendant stole the bicycle. The trial justice declared he was satisfied that defendant had been in possession of the stolen property and that defendant's request to bring the bicycle inside the apartment constituted sufficient control over the bicycle to prove possession with knowledge that it was stolen. Moreover, the trial justice reasoned that the wet suit was further circumstantial evidence of possession of the bicycle.

In *In re Lamarine*, 527 A.2d 1133, 1135 (R.I.1987), this court held that "[t]he prosecution [at a probation-revocation hearing] is not required to prove an accused's violation of probation beyond a reasonable doubt; rather, the prosecution need only establish the violation by reasonably satisfactory evidence. * * * Moreover, this court's review is limited to a consideration of whether the trial justice acted arbitrarily or capriciously in finding a violation."

In the instant case, we are of the opinion that the trial justice properly evaluated the evidence and concluded that defendant committed the crime and consequently violated the terms of his probation. The defendant contended that the evidence did not support the trial justice's finding that the defendant was in possession of stolen property whose value exceeded $500 because the bicycle should be valued at under $500. Such an argument is without merit in respect to whether the defendant violated the terms of his probation, notwithstanding defendant's assertion that had the trial justice found "guilt only of misdemeanor conduct, rather than felony-conduct, he might have executed less [of a sentence]." This court concludes that the trial justice did not abuse his discretion in accepting the owner's testimony as evidence of the value of the bicycle.

Therefore, we deny and dismiss this appeal and affirm the order of the Superior Court. The papers in the case may be returned to the Superior Court.