STATE

v.

**Troy PERRY.**

**No. 94–316–Appeal.**

Supreme Court of Rhode Island.

April 13, 1995.

Matthew Smith, Aaron Weisman, Providence.

David Cicilline, Providence.

## ORDER

This matter came before this court on April 4, 1995 pursuant to an order directing the defendant Troy Perry (defendant) to appear and show cause why the issue raised in his appeal should not be summarily decided. After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, this court concludes that cause has not been shown and, therefore the issue should be summarily decided by this Court. The defendant now appeals a trial justice's finding that he violated the terms and conditions of his probation.

Our review of the record reveals that there was sufficient evidence to find that defendant was involved in the murder of Bartolo Tavarez and, was therefore in violation of the terms and conditions of his probation. Witnesses at the scene of the murder saw a blue/gray Toyota Celica maneuver its passenger side to the driver's side of the victim's automobile, heard shots fired and ultimately saw the victim's automobile crash into a house. The victim's death was subsequently determined to be the result of multiple gun shot wounds. Furthermore, a witness, who saw defendant minutes before the murder, testified that defendant had a bulge in the back of his pants. This witness stated that she knew this bulge was a gun because she had seen the defendant numerous times before carrying a gun in the same spot resulting in the same bulge. The same witness also stated that, moments before the murder, she saw defendant enter the passenger side of a blue/gray Toyota Celica. That same Celica was later identified as the automobile that had pulled its passenger side up to the driver's side of the victim's automobile during a high speed chase.

We note that our review of a probation-revocation hearing is " 'limited to a consideration of whether the trial justice acted arbitrarily or capriciously in finding a violation.' " *State v. Olsen,* 610 A.2d 1099, 1103 (R.I.1992) (quoting *In re Lamarine,* 527 A.2d 1133, 1135 (R.I.1987)). After reviewing the record, we believe that the trial justice neither acted arbitrarily nor capriciously in determining that defendant was in violation of the terms and conditions of his probation.

Consequently, defendant's appeal is denied and dismissed.