STATE

v.

**Joseph L. TEDESCHI.**

No. 95–422–C.A.

Supreme Court of Rhode Island.

Feb. 15, 1996.

Andrew Berg, Aaron Weisman, Providence.

Thomas Briody, Providence.

**ORDER**

This matter came before the Supreme Court on January 25, 1996, pursuant to an order directing the defendant to appear and show cause why his appeal should not be summarily decided. In this case the defendant, Joseph Tedeschi, appeals from an adjudication in the Superior Court finding him to be a violator of probation.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, it is the conclusion of the court that cause has not been shown and that the issues raised in this appeal will be decided at this time.

The charges against defendant arose out of a breaking and entering of a church in the town of East Greenwich. Five witnesses, some of them police officers, presented testimony before the trial justice implicating defendant. After testifying that he had spoken with defendant on the day of the theft, a fifteen-year-old codefendant invoked his Fifth Amendment right against self-incrimination. Over defense counsel's objection, police introduced into evidence the minor's written statement. In concluding that defendant violated probation, however, the trial justice made no reference to this statement. Instead the trial justice accepted the testimony of one civilian witness and the police officers and rejected the inconsistent parts of the testimony of a third person involved in the break-in. The trial justice concluded that he was satisfied that defendant was "deeply involved in the formulation of this plan [to break and enter]."

On appeal this court's review is limited to determining whether the hearing justice acted arbitrarily or capriciously in finding a violation. *In re Lamarine*, 527 A.2d 1133, 1135 (R.I.1987). The only issue defendant raises on appeal is the admission of the statement of the minor. However, since the trial justice did not rely on the statement in rendering his decision its admission was not prejudicial. Accordingly we find no error.

For the reasons stated, the defendant's appeal is denied and dismissed. The finding of violation appealed from is affirmed, and the papers of the case are remanded to the Superior Court.