**STATE**

v.

**Adrian HAZARD.**

No. 95–423–C.A.

Supreme Court of Rhode Island.

March 8, 1996.

Jane M. McSoley, Asst. Attorney General, for Plaintiff.

Paula Rosin, Chief Appellate Counsel, for Defendant.

**OPINION**

PER CURIAM.

This matter came before the Supreme Court on January 25, 1996, pursuant to an order directing both the state and the defendant to appear and show cause why this appeal should not be summarily decided. The defendant, Adrian Hazard, appeals from a revocation of his probation. After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown and that the appeal will be decided at this time.

At a hearing held before a justice of the Superior Court, a state witness, Jonathan Greenwood (Greenwood), testified that defendant participated in a drive-by shooting that occurred on March 7, 1995. On that day Greenwood occupied a car with defendant and three other men. Greenwood testified that a man named Charles Fontes (Fontes) drove the car and that defendant sat in the back seat directly behind him. As the group approached a stationary Cadillac, they pulled their clothes up over their faces and defendant pulled out a gun. According to Greenwood, defendant told Fonte to reduce the car's speed. The defendant then leaned out the driver's window from the back seat and fired three shots in the direction of the Cadillac. As the group sped away, one of the passengers informed defendant that he had shot the wrong person.

The victim of the shooting provided a written statement to police, describing what he perceived to have happened. He stated that he was standing near a friend's car when another car approached. As the other car neared, the driver crouched down and the man sitting behind the driver stuck a gun out the driver's window and started shooting. He identified the shooter as Charles Fontes.

The victim could not be found to testify at the revocation hearing, but the trial justice admitted into evidence his written statement.

The trial justice denied defense counsel's request for a body attachment and a continuance. He concluded that the victim's presence at the hearing was unnecessary since Greenwood's testimony was credible and sufficient alone to establish that defendant had violated the terms and conditions of his probation.

■ On appeal defendant asserts that the trial justice's refusal to grant his motion for a continuance and a body attachment constituted reversible error. He argues that both the United States and the Rhode Island Constitutions guarantee him the right to obtain witnesses in his own defense. U.S. Const. Amend. VI; R.I. Const. art. 1, sec. 10.

■ It is well settled that a probation-violation hearing is not part of the criminal-prosecution process and that, therefore, a defendant is not entitled to the full panoply of due-process rights. *State v. Olsen,* 610 A.2d 1099, 1103 (R.I.1992). Nonetheless, since a violation hearing presents the possibility of the loss of liberty, the accused must be provided with certain constitutional safeguards. *State v. DeRoche,* 120 R.I. 523, 532, 389 A.2d 1229, 1234 (1978). We have held that hearsay evidence may be admitted if a hearing justice finds good cause for not allowing confrontation. *Id.* at 533, 389 A.2d at 1234. A critical issue in determining the right of confrontation is the availability of the witness. *Id.* at 532, 389 A.2d at 1234.

In the instant case the victim could not be located. Although he identified another as the shooter, the victim had a limited opportunity to observe the events surrounding the shooting. Further, the trial justice noted that the victim's statement corroborated, at least in part, Greenwood's testimony. Both Greenwood and the victim stated that it was the person positioned behind the driver who fired the gun. Unlike the victim, Greenwood possessed ample time to view what took place prior to, during, and after the shooting. The victim had only seconds. Even if we assume defense counsel could find the victim and present him, his favorable testimony would be subject to impeachment by the state.

We have held that "[t]he task of determining the credibility of witnesses is peculiarly the function of the trial justice when sitting without a jury." *Walton v. Baird,* 433 A.2d 963, 964 (R.I.1981). At a probation-violation hearing the prosecution need only establish a defendant's violation by reasonably satisfactory evidence. *State v. Sparks,* 667 A.2d 1250, 1251 (R.I.1995) (citing *In re Lamarine,* 527 A.2d 1133, 1135 (R.I. 1987)). Our review of an adjudication that a defendant has violated the terms of his or her probation is " 'limited to a consideration of whether the trial justice acted arbitrarily or capriciously.' " *Id.* In our opinion the hearing justice was well within his discretion in assigning greater weight to the statements of one who was an occupant of the car harboring the shooter than to the statements of another who had a fleeting moment in which to perceive him. We also note that the defendant's mere presence in the car during the drive-by shooting would be sufficient to revoke his probation.

For the reasons stated, the defendant's appeal is denied and dismissed. The order appealed from is affirmed, and the papers of the case are remanded to the Superior Court.