STATE

v.

**Warwick TYSON.**

No. 96–160–C.A.

Supreme Court of Rhode Island.

Oct. 17, 1996.

Andrew Berg, Aaron Weisman, Providence.

Paula Lynch Hardiman, Paula Rosin, Providence.

**ORDER**

This case came before the court for oral argument October 8, 1996, pursuant to an order directing the defendant, Warwick Tyson, to show cause why his appeal should not be summarily decided. The defendant appeals from a Superior Court adjudication that he had violated the terms of his probation. In consequence thereof, the hearing justice ordered defendant to serve three years of a fifteen year suspended sentence, with twelve years suspended and twelve years probation. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

State witnesses, Monique Cortis–Nadeau (Nadeau) and Detective Daniel Turgeon (Turgeon), testified at defendant's revocation hearing. Nadeau agreed to make controlled narcotic buys for the Woonsocket Police De-

partment to enhance the likelihood that she would regain custody of her children, who were then in the care of the Department of Children, Youth and Families. According to Nadeau, she and Turgeon went to defendant's apartment on June 8, 1995, for the purposes of making a controlled narcotics purchase. Nadeau knocked on defendant's door while Turgeon waited in the hallway. Once inside the apartment, Nadeau handed defendant twenty dollars in exchange for a small package of cocaine. Immediately after leaving the apartment Nadeau handed the package to Turgeon. Before the buy, detectives searched Nadeau for contraband and gave her twenty dollars to use in the purchase. The testimony of Turgeon corroborated Nadeau's version of events. A field test immediately after the purchase identified the substance as cocaine.

On cross-examination Nadeau admitted that she had an extensive criminal record and had, on at least one prior occasion, accepted twenty dollars from Turgeon to purchase milk and bread. She testified that she had known defendant for two and a half years and had regularly purchased drugs from him. The parties, however, later stipulated that defendant had been incarcerated during the time period Nadeau claimed to have made those drug purchases.

Despite inconsistencies in her testimony the trial justice found Nadeau credible regarding the issue of whether defendant delivered cocaine to her on June 8, 1995. The defendant challenges this assessment on appeal. He contends that Nadeau's testimonial inconsistencies combined with her extensive criminal record rendered her testimony unworthy of belief.

This court has stated before that determining the credibility of the witnesses in a violation hearing is particularly the function of the trial justice. *State v. Bourdeau,* 448 A.2d 1247, 1249 (R.I.1982). The trial justice need not be convinced of a defendant's violation of probation beyond all reasonable doubt, but must only be reasonably satisfied that the violation occurred. *In re Lamarine,* 527 A.2d 1133, 1135 (R.I.1987). Our review of a finding of violation is limited to a consider-

ation of whether the hearing justice acted arbitrarily or capriciously. *Id.*

We are of the opinion that the hearing justice did not act capriciously or arbitrarily in evaluating the evidence presented by the witnesses in this case. The trial justice noted the inconsistencies in Nadeau's testimony and concluded that her account of the narcotics purchase was truthful. The testimony of Turgeon further corroborated Nadeau's testimony regarding the drug transaction.

For the reasons stated, the appeal of the defendant is denied and dismissed. The adjudication of the Superior Court finding a violation of the terms of probation and imposing sentence is affirmed.