STATE

v.

**Roosevelt WHITE.**

**No. 96–400–C.A.**

Supreme Court of Rhode Island.

April 28, 1997.

Andrea Mendes, Aaron Weisman, Providence.

Paula Lynch Hardiman, Paula Rosin, Providence.

**ORDER**

This case came before the court for oral argument April 11, 1997, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The defendant, Roosevelt White, has appealed from a decision of a Superior Court justice holding that he was a violator of the terms and conditions of his probation imposed on a prior suspended sentence on a charge of robbery. The justice removed a suspension of a ten-year sentence and ordered the defendant to serve ten years at the

Adult Correctional Institutions. The defendant claims that the principal witness, Daniel Pritchett, was not worthy of belief. Pritchett testified that the defendant whom Pritchett had known for six or seven years presented a gun to the right side of his head and demanded money. Pritchett gave the defendant a $20 bill in response to this demand. The defendant then proceeded to walk down Broad Street in the City of Providence.

The defendant testified that he did not rob Pritchett but obtained the sum of $20 from another man who was working in the same crew as Pritchett in order to purchase a VCR. He testified that Pritchett accompanied the defendant and a woman named Sharon Johnson, who was friendly with the defendant in order to pick up the VCR. The $20 was given, according to the defendant, to a man on Princeton Avenue unknown to the defendant in return for the promise to deliver the VCR. It is undisputed that the VCR was never delivered. Ms. Johnson corroborated the defendant's testimony.

The Superior Court justice did not believe the defendant and his witness and stated that Mr. Pritchett was a credible witness, even though Mr. Pritchett had been reluctant to testify against the defendant and had to be brought into court pursuant to a body attachment.

Our review of a finding of fact by a justice of the Superior Court in a violation hearing is deferential. We have held that the state is required to establish the violation by reasonably satisfactory evidence. *In re Lamarine,* 527 A.2d 1133, 1135 (R.I.1987). Our review is limited to determining whether the hearing justice acted arbitrarily or capriciously. *State v. Braxton,* 666 A.2d 1159, 1160 (R.I. 1995). In the case at bar, we believe that the hearing justice did not overlook relevant evidence in the case and that he certainly did not act arbitrarily or capriciously. The determination of credibility is one for the trial justice and not for this court. *State v. Hazard,* 671 A.2d 1225, 1227 (R.I.1996).

Consequently, the defendant's appeal is denied and dismissed. The adjudication of violation is affirmed.