STATE

v.

**Tyrone J. RILEY.**

**No. 96–645–C.A.**

Supreme Court of Rhode Island.

Dec. 12, 1997.

Aaron L. Weisman, Andrea J. Mendes, Providence.

Paula Rosin, Paula Lynch Hardiman, Providence.

**ORDER**

This case came before the court for oral argument December 2, 1997 pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed

by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The defendant, Tyrone J. Riley, appeals from an adjudication by a justice of the Superior Court that he had violated the terms of his probation. The Superior Court justice as a consequence ordered the defendant to serve three years of a previously imposed suspended sentence, allowing the remaining eight years and seven months to continue as a suspended sentence.

The defendant was accused by the state of malicious destruction of property, namely the breaking of a headlight and two rear vision mirrors on an automobile owned by Elizabeth Cavanaugh (Cavanaugh), the complaining witness. Cavanaugh testified that she and the defendant had engaged in a romantic relationship for approximately three years. On May 4, 1996, Cavanaugh and her friend, Nicole Zabbo (Nicole), met at the defendant's apartment in Providence. An argument ensued when Cavanaugh accused the defendant of cheating on her. She further testified that she went into the bedroom of the apartment in order to retrieve her belongings. She stated that defendant followed her into the bedroom, seized her face and held her against the wall. He then threatened to damage her car and proceeded to the kitchen to obtain a hammer.

Cavanaugh observed defendant near her car and went outside with her friend Nicole. At that point defendant was swinging the hammer and insisted that Cavanaugh talk to him. Nicole departed and thereafter defendant swung the hammer and yelled at Cavanaugh. She attempted to seek aid from the defendant's roommate who sought to intervene but then left saying it was none of his business. Cavanaugh then observed defendant banging on her car with the hammer. She saw him break her front headlight and smash both rearview mirrors. Cavanaugh admitted that she did not report the incident to the police until several days later when she and defendant had another argument. Cavanaugh's testimony was corroborated by that of Nicole.

The defendant testified and denied that he had taken a hammer from the kitchen or that he struck or damaged Cavanaugh's car in any way. The hearing justice found the testimony of Cavanaugh and Nicole more credible than that of defendant. The hearing justice stated that he was reasonably satisfied that defendant had violated the terms of his probation. A review of such a finding is deferential. We stated in *In re Lamarine*, 527 A.2d 1133, 1135 (R.I.1987) that the prosecution need only establish a violation by reasonably satisfactory evidence and that our review is limited to determining whether the hearing justice acted arbitrarily or capriciously in finding such a violation. Our review of the record in this case compels us to conclude that the evidence was adequate to support the hearing justice's findings and that he did not act arbitrarily or capriciously.

For the reasons stated, the defendant's appeal is denied and dismissed. The adjudication of violation is affirmed.