## STATE of Rhode Island

v.

## David ROBERTS.

### No. 97–14–C.A.

Supreme Court of Rhode Island.

Dec. 15, 1997.

Aaron L. Weisman, Providence.

Paula Rosin, Providence.

### ORDER

This case came before the Supreme Court on December 12, 1997, from an order referring this case to the full court at a session in conference pursuant to Rule 12A(3)(b). The defendant, David Roberts, appeals from an adjudication finding him to be a violator of probation.

After reviewing the memoranda submitted by the parties and reviewing the lower court record, it is the conclusion of this court that the issues raised in this appeal will be decided at this time.

The charges against defendant arose out of a drive-by shooting in which David Andrews was shot and killed while he was walking with his cousin, Andrade Williams, on West Clifford Street in Providence. Mr. Williams testified that he saw the defendant in the car looking at them while the other three men were shooting. Immediately after the shooting Mr. Williams told the police that he did not know who was in the car. However, several days later he identified three of the four car occupants. He explained these contradictory statements at the hearing by testifying that he was scared when he first spoke to the police. Much of the evidence at the violation hearing had to do with the identity of the defendants in the car and testimony by alibi witnesses.

On appeal this court's review is limited to determining whether the hearing justice acted arbitrarily or capriciously in finding a violation. *State v. Tedeschi,* 671 A.2d 314 (R.I.1996). The defendant makes two arguments before this court: (1) that there was no evidence that he had knowledge of the firearms in the car or that he had knowledge of or was involved in the plan to shoot the victim, and (2) that the state failed to produce reasonably satisfactory evidence that he was in the car at all.

In *State v. Hazard,* 671 A.2d 1225 (R.I. 1996) this court ruled that evidence of the defendant's presence in a car in a drive-by shooting would be sufficient to revoke probation. Evidently the trial justice believed the eye-witness's account of what happened over the stories of the alibi witnesses. When the trial justice is faced with a credibility determination, this court will give great deference to his or her determination and will not itself weigh the credibility of the witnesses. *State v. Sparks,* 667 A.2d 1250, 1251 (R.I.1995). We are unable to conclude that the trial justice's determination here was arbitrary or capricious.

For these reasons, the defendant's appeal is denied and dismissed, the finding of violation appealed from is affirmed, and the papers of the case are remanded to the Superior Court.