STATE

v.

**Ricardo QUINONES.**

No. 97–231–C.A.

Supreme Court of Rhode Island.

Feb. 19, 1998.

Aaron L. Weisman, Providence.

Paula Rosin, Providence.

---

## ORDER

This case came before the Supreme Court on February 3, 1998, pursuant to an order that directed the parties to show cause why the issues raised by this appeal should not be summarily decided. The defendant, Ricardo Quinones, has appealed from a Superior Court adjudication that he violated the terms of his probation. After hearing the arguments of counsel for the parties and reviewing their memoranda, we are of the opinion that cause has not been shown. Therefore, the appeal will be decided at this time.

On September 18, 1996, defendant, while on probation for prior unrelated offenses, was charged with second-degree robbery and intimidating a witness. The robbery victim, Felix Cuevas (Cuevas), testified that on August 14, 1996, he was residing with his sister, her four children, and her boyfriend on Bodell Avenue in Providence. Cuevas testified that he had received $150 from his mother in order to purchase new clothing. He made arrangements with the defendant, whom he had known for a couple of months, to pick him up the next day to go shopping for clothes.

According to Cuevas, between 3:00 a.m. and 4:00 a.m. on August 14, 1996, while the other residents of the household were sleeping, defendant came to the back door of the apartment. When Cuevas opened the door, he was grabbed by the neck and pulled outside by defendant who then asked him where the money was. The defendant threatened to snap Cuevas's neck if Cuevas "did anything." Cuevas retrieved the money from a broom closet and gave it to defendant. The defendant then punched Cuevas in the face and ran out the front door. No police report was filed.

At the probation violation hearing, Zulma Torres (Torres), Cuevas's sister, testified that after she learned of the robbery the following day, she confronted defendant at a Store 24 and asked him to pay the money back and to apologize. She further testified that defendant became angry and threatened to come after her, her children and her brother, if either she or her brother said "anything." The defendant continued to threaten Torres during repeated early morning visits to her house. Torres testified she did not call police initially in the hope defendant would cease his threats, but on August 22, 1996, she notified police after defendant went to her house and threatened to "shoot her house."

Two defense witnesses provided alibi's for defendant's whereabouts on the evening of the alleged robbery. Both witnesses, however, had parted company with defendant at least thirty minutes before the alleged robbery.

The hearing justice considered all the testimony before finding that defendant had violated the terms of his probation and ordered him to serve eight years of a previously suspended sentence. The defendant appealed, arguing that the hearing justice acted arbitrarily and capriciously in reaching his determination. The defendant asserted that the testimony of state's witnesses was "not worthy of belief" and contended that the delay in reporting the alleged robbery was suspect. The defendant further argued that there was no basis for the underlying charge of witness intimidation because Torres was not a witness to the robbery within the meaning of G.L. 1956 § 11–32–5.

At a probation revocation hearing, the state is required to present reasonably satisfactory evidence that a defendant has violated a condition of probation, but it is not required to prove a violation beyond a reasonable doubt. *In re Lamarine* 527 A.2d 1133, 1135 (R.I.1987). This Court's review of such a determination is limited to a consideration of whether the justice acted arbitrarily or capriciously. *Id.* Moreover, assessing the credibility of witnesses and weighing testimonial evidence at a violation hearing are functions of the hearing justice. *State v. Bourdeau,* 448 A.2d 1247, 1249 (R.I.1982).

In this case, the justice weighed the evidence presented, evaluated the testimony of both the state's witnesses and defendant's witnesses, and assessed their credibility. The trial justice determined that even if defendant had left the company of his witnesses at 2:00 a.m. or 2:30 a.m. as he stated, there would have been ample time for defendant to commit the robbery and voice the threats. Therefore, the evidence presented was sufficient for the justice to find that defendant

had violated the terms and conditions of his probation.

The defendant's claim that no basis existed for a charge of witness intimidation is without merit. Section 11–32–5 provides in pertinent part:

"Any person who, by expressly or impliedly threatening to commit any unlawful act, maliciously and knowingly communicates with another person with the specific intent to intimidate a victim of a crime or a witness in any criminal proceeding with respect to that person's participation in any criminal proceeding shall be guilty of a misdemeanor and, upon conviction, shall be fined not more than five hundred dollars ($500) or imprisoned not more than one year, or both.".

In this case, the hearing justice heard testimony that defendant knowingly and maliciously threatened Torres in order to prevent her from reporting to the police the robbery of her brother. The charge of witness intimidation was based on the threats made to Torres and not on threats made by the defendant against her brother. Thus, the findings of the trial justice were proper.

In summary, we deny and dismiss the defendant's appeal and affirm the judgment of the Superior Court to which we remand the papers in this case.

BOURCIER, J., did not participate.