**STATE**

v.

**Roger BRUYERE.**

No. 97–169 C.A..

Supreme Court of Rhode Island.

April 21, 1998.

Andrea J. Mendes, Aaron L. Weisman, Providence.

Paula Rosin, Providence, Janice M. Weisfield.

**ORDER**

The defendant, Roger Bruyere, appeals from a Superior Court adjudication that he violated the terms and conditions of his probation by committing arson. Following a violation hearing the hearing justice ordered the defendant to serve the entire term of a previously imposed three-and-a-half-year suspended sentence. This court directed both parties to show cause why this appeal

should not be summarily decided. None having been shown, we proceed to decide this appeal without further briefing and argument.

The defendant, while on probation for previous convictions, was charged with first-degree arson. The defendant contends on appeal that the evidence introduced at the hearing did not meet the reasonable satisfaction standard for establishing a probation violation. He suggests that serious questions about his guilt existed because neither his clothing nor various items taken from the automobile in which he purportedly placed a gasoline container showed traces of gasoline. The defendant also argues that his fingerprints were not found on the container.

This court has long held that at a probation-revocation hearing, "the prosecution is not required to prove an accused's violation of probation beyond a reasonable doubt; rather the prosecution need only establish the violation by reasonably satisfactory evidence." *In re Lamarine*, 527 A.2d 1133, 1135 (R.I.1987); *Walker v. Langlois*, 104 R.I. 274, 282, 243 A.2d 733, 737 (1968); *see also* G.L.1956 § 12–19–9 (revocation of probation). "Moreover, this court's review is limited to a consideration of whether the trial justice acted arbitrarily or capriciously in finding a violation." *In re Lamarine*, 527 A.2d at 1135.

The hearing justice in this case stated that she was convinced beyond a reasonable doubt that defendant had committed the arson in question. In so concluding, she reviewed the scientific testimony, as well as the testimony of the various witnesses who observed defendant's actions just before and after the crime was perpetrated. One witness positively identified defendant purchasing windshield-washer fluid and gasoline in the hours preceding the arson. Another reported that in the early morning hours after the fire, defendant appeared at her house—just ten houses away from the crime scene—reeking of gasoline. There, he washed his hands in the bathroom and occasionally peered out her bedroom window looking for police officers. We thus hold that the hearing justice properly evaluated the evidence when she found that this defendant committed the arson and consequently violated his probation.

The defendant also argues that the hearing justice erred in giving any credence to the testimony of Edgar Coates, a witness who was with defendant on the evening in question. The defendant contends that Coates' recollection of events was untrustworthy because of his alleged intoxication and he further posits that his witness statement was unreliable because it was coerced by police. But the weighing of evidence and assessment of a witness's credibility in a violation hearing are functions of the hearing justice. *See State v. Bourdeau*, 448 A.2d 1247, 1249 (R.I. 1982); *State v. Studman*, 121 R.I. 766, 770, 402 A.2d 1185, 1187 (1979). In this case the hearing justice chose to reject Coates' in-court testimony and to accept as "accurate and honest and candid" the account Coates provided to the police in his witness statement. In so concluding, the hearing justice, we hold, did not act arbitrarily or capriciously in finding that this defendant violated the terms and conditions of his probation.

Accordingly, the defendant's appeal is dismissed and the Superior Court's judgment is affirmed.

BOURCIER, J., did not participate.