STATE

v.

Tyrone POWELL.

No. 98–233–Appeal.

Supreme Court of Rhode Island.

May 12, 1999.

Paula Rosin, Providence, Janice M. Weisfeld.

Aaron L. Weisman, Providence.

### ORDER

On January 28, 1997, Tyrone Powell (Powell), pled guilty to a criminal information charging him with unlawfully possessing a controlled substance, cocaine. (P2–97–0315). Powell received a six year suspended sentence with probation.

Seven months later, on August 5, 1997, Powell was once again charged with unlawfully possessing cocaine. Following a Superior Court Criminal Procedure Rule 32(f) probation violation hearing, Powell was adjudged to be a violator of the previously imposed probation. The hearing justice vacated the six-year suspension of sentence in P2–97–0315 and ordered Powell to serve the six-year prison term. Powell appeals.

On January 25, 1999, a Justice of this Court directed the defendant and the state to appear and show cause why the issues raised in the defendant's appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by them, we are of the opinion that cause has not been shown and we will proceed to decide this appeal without further briefing or argument.

At Powell's probation violation hearing, the state presented evidence to show that on August 5, 1997, the Providence police, armed with a search warrant to enter and search the first and second floor tenements at 21 Benedict Street in Providence, found Powell seated two to three feet from

a small table upon which was a large clear plastic bag containing four small plastic bags of crack and powder cocaine. Powell's girlfriend, Bonnie Clarke (Bonnie) was also present in the immediate vicinity. The arresting officer testified that Powell, clothed simply in a pair of pants and socks, was sweating profusely and appeared to be under the influence of narcotics, that various drug paraphernalia was found in the immediate area and that a black crusted crack pipe was found in Powell's pocket.

Powell, at the probation violation hearing, claimed to have arrived at the first floor tenement just minutes before the police arrived. he claimed he had gone there to pick up Bonnie, his drug-addicted girlfriend. He additionally claimed that he had never been in the tenement before, but admitted to knowing about the presence of drugs. He asserted, however, that the drugs did not belong to him and that he neither used drugs nor had a crack pipe in his pocket that evening.

Bonnie, however, testified quite differently. She testified that she was basically homeless, that she frequently slept at the apartment and that the defendant often stayed there with her overnight on those occasions. She also testified that she and the defendant had gotten "high" just prior to the arrival of the police but that the drugs used for the "trip" belonged to her.

During the violation hearing, the following colloquy took place between the trial justice and defense counsel:

"THE COURT: I take it you concede from the evidence that the defendant did, in fact, possess drugs on that evening?

MS. SANCHEZ: Well, I guess constructive possession could be inferred from that.

THE COURT: Constructive possession? Even your witness said that he used drugs, that he got high with the drugs, that he ingested the drugs. That's actual possession. That's internal possession."

Subsequently, after reviewing the hearing evidence, the trial justice found the defendant to be in violation of his earlier probation for having "possessed cocaine knowingly on the night in question." We conclude that the trial justice did not err in so deciding.[1] There was more than ample reasonably satisfactory evidence in the record to support that finding. *See* *State v. Bruyere*, 711 A.2d 638, 639 (R.I. 1998) (order).

Powell asserts here on appeal that the trial justice erroneously determined that he "possessed" the cocaine because he had already ingested the drugs prior to the arrival of the police. Thus, he contends, there was no basic for his adjudication of violation. In addition, he asserts that the Rule 32(f) motion denied him his due process rights to fair notice and an opportunity to defend because the report alleged constructive rather than actual possession of narcotics. Both of those assertions are raised for the first time here on appeal and were not raised during the Superior Court proceedings.

We adhere to our longstanding rule that "allegations of error committed at trial are considered waived if they were not effectively raised at trial, despite their articulation at the appellate level." *State v. Lyons*, 725 A.2d 271, 273 (R.I.1999) (citing *State v. Toole*, 640 A.2d 965, 973 (R.I. 1994)). Powell, by failing to raise an objection at the hearing in the Superior Court to the 32(f) violation notice and to the alleged "possession" error of the trial justice, is precluded from raising them

1. On October 6, 1997, defendant Powell filed a motion to vacate the probation violation sentence. In that motion he alleged that he had "no knowledge at all" of the four packets of cocaine found on the table some two to three feet from where he had been seated and that because Bonnie had testified that the cocaine was hers just before they had both "gotten high," two people cannot be "in possession" at the same time. It is not known if Powell had come down from his "high" at the time he prepared his motion, but quite understandably, the motion was summarily denied on October 7, 1997.

now for the first time here on appeal. We note however, that our reading of the precluded claims indicates that they are devoid of any merit.

For the foregoing reasons, the defendant's appeal is denied and dismissed. The judgment of the Superior Court is affirmed and the papers in this case are returned to the Superior Court.