STATE

v.

Roland E. BOURDEAU, Jr.

No. 81–186–C.A.

Supreme Court of Rhode Island.

Aug. 6, 1982.

Dennis J. Roberts, II, Atty. Gen., Sharon O'Keefe, Thomas H. Caruolo, Sp. Asst. Attys. Gen., for plaintiff.

Thomas A. Tarro, III, Providence, for defendant.

## 1248 ■ ▬

### OPINION

BEVILACQUA, Chief Justice.

In January 1981, a violation hearing was held before a justice of the Superior Court. The trial justice found that the defendant, Roland E. Bourdeau, Jr., had violated the terms of his deferred and suspended sentences previously imposed on October 5, 1978. The defendant appeals, contending that, in finding a violation, the trial justice acted arbitrarily and capriciously.

At the hearing, the complaining witness's testimony indicated that on December 19, 1980, she left her place of employment in Seekonk, Massachusetts, at approximately 11 p. m. and drove to Kennedy Plaza in Providence where she was to meet her girl friend. She arrived at the plaza at approximately 11:30 p. m. and parked her car. While she was waiting in her car for her girl friend, defendant pulled up next to her, requested a match, and thereupon entered her car. After a short conversation, she asked defendant to leave. Instead, he grabbed her by the throat and threatened to kill her if she did not go with him in his car. Acceding to his demand, she got out of her car and entered defendant's car. The defendant then drove her to a secluded area in the city of Cranston and forced her to have sexual relations with him. Prior to returning her to the plaza, defendant allowed her to get out of the car and enter a diner to purchase a soda. Finally, she testified that she allowed defendant to have sexual intercourse with her because she was in fear that in the event she resisted or attempted to run away, he would follow through on his threat to kill her.

In his testimony, defendant admitted that he had sexual relations with the complaining witness, but stated that she acted voluntarily, and that no threats were made. He testified that, in fact, the encounter was initiated by the complaining witness. The defendant also testified that while riding around the plaza after the incident, he was given a citation for speeding, and the com-

plaining witness was in the car with him. Contrary to defendant's testimony, the police officer who gave defendant the citation testified that it was given to defendant at approximately 11:25 p. m. and that there was a male passenger in the automobile at the time.

The complaining witness's girl friend testified that at approximately 12:30 a. m., on December 20, 1980, she went to meet the witness at the Kennedy Plaza. When the girl friend arrived at the plaza, the complaining witness was not there, but her car was parked in the lot. Later that day the girl friend spoke with the complaining witness on the telephone and, as a result of such conversation, the girl friend contacted the police department. Subsequently, they drove together to the police station where the complaining witness gave her story of the incident to the police.

At the violation hearing, the trial justice reviewed the evidence in great detail and found that defendant's testimony was completely discredited by the testimony of the other witnesses. He therefore held that under the circumstances he was more than reasonably satisfied that defendant had violated the conditions of his probation. On appeal, defendant claims that his right to due process, as guaranteed by the Fourteenth Amendment and his right to confrontation, under the Sixth Amendment, were denied.

■ It is well established that a probation revocation hearing is not part of a criminal prosecution, and, thus, does not call for the full panoply of rights due a defendant in such a criminal proceeding. *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). As we have previously held, the sole purpose of the hearing is to determine whether or not a condition of the probation or the deferred-sentence agreement has been breached. *State v. Skirvin,* 113 R.I. 443, 322 A.2d 297 (1974). However, a revocation hearing may result in the loss of liberty, and therefore is subject to constitutional safeguards.[1] *Gagnon*

1. We have previously held that for purposes of constitutional protections there is no distinc-

tion between a hearing for violation of a suspended sentence and one for violation of a

*v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer*, 408 U.S. at 482, 92 S.Ct. at 2601, 33 L.Ed.2d at 495; *State v. Bettencourt*, 112 R.I. 706, 315 A.2d 53 (1974). The minimum due-process requirements of a violation hearing call for notice of the hearing, notice of the claimed violation, the opportunity to be heard and present evidence in defendant's behalf, and the right to confront and cross-examine the witnesses against defendant. *Morrissey v. Brewer*, 408 U.S. at 489, 92 S.Ct. at 2604, 33 L.Ed.2d at 499. Because the violation hearing is an informal proceeding, however, strict application of the rules of evidence is not required. *State v. Bettencourt*, 112 R.I. at 710, 315 A.2d at 55. Moreover, the state is not required to prove a violation beyond a reasonable doubt; rather, the violation need only be established by reasonably satisfactory evidence. *State v. Studman*, R.I., 402 A.2d 1185 (1979). In addition, hearsay evidence may be introduced at the hearing. *Charest v. Howard*, 109 R.I. 360, 285 A.2d 381 (1972).

■ Needless to say, if a person at liberty on a suspended sentence does not comply with the terms of his probation, it is within the discretion of the trial justice to vacate the suspension. *State v. Studman*, R.I., 402 A.2d at 1186. On review, we are limited to a consideration of whether the trial justice acted arbitrarily or capriciously in finding a violation. *Gonsalves v. Howard*, 113 R.I. 544, 324 A.2d 338 (1974). Nevertheless, the weighing of this evidence and assessment of the credibility of the witnesses at the violation hearing are functions of the trial justice. *State v. Studman*, R.I., 402 A.2d at 1187; *see Raheb v. Lemenski*, 115 R.I. 576, 350 A.2d 397 (1976).

■ Essentially, the issue before the trial justice in the instant case was one of credibility. The defendant argues that because no evidence was presented by anyone other than the complaining witness to rebut defendant's testimony, the trial justice acted arbitrarily and capriciously in rejecting defendant's testimony as a "bundle of lies." We cannot agree.

In his decision, the trial justice examined and analyzed in detail the testimony of all the witnesses and chose to reject defendant's version and to accept the complaining witness's testimony. As we have previously held:

"This court, with only a barren record before it rather than the flesh and blood of live witnesses, cannot possibly evaluate credibility." *State v. Studman*, R.I., 402 A.2d at 1187.

Accordingly, we hold that the trial justice did not act arbitrarily or capriciously in assessing the credibility of the witnesses at the hearing, and in holding that he was reasonably satisfied that defendant committed a violation.

■ The defendant also argues that the trial justice arbitrarily limited the scope of cross-examination in violation of defendant's Sixth Amendment right to confrontation. As previously stated, even in a violation hearing, there exists a constitutional right to confront and cross-examine adverse witnesses unless the hearing officer specifically finds good cause for not allowing confrontation. *See Morrissey v. Brewer*, 408 U.S. at 489, 92 S.Ct. at 2604, 33 L.Ed.2d at 499; *State v. DeRoche*, R.I., 389 A.2d 1229 (1978). Thus, during the violation hearing, the trial justice must give reasonable latitude to the cross-examiner to allow the defendant to establish possible bias, prejudice, or ulterior motives of the adverse witness. *State v. Anthony*, R.I., 422 A.2d 921 (1980). However, the scope of cross-examination is subject to the exercise of the trial justice's sound discretion. *Id.* We will not disturb the trial justice's decision on this matter unless there was a clear abuse of discretion, and then only if such abuse constituted prejudicial error. *Id.*

■ After a careful examination of the record, we find that the trial justice gave the defendant reasonable latitude to cross-examine the adverse witnesses. In fact, the

deferred-sentence agreement. *See State v. Bettencourt*, 112 R.I. 706, 315 A.2d 53 (1974);

*State v. Plante*, 109 R.I. 371, 285 A.2d 395 (1972).

**1250** ▆ ▆▆▆▆▆▆▆▆▆▆

defendant has failed to point to anything in the record which indicates an abuse of discretion by the trial justice on the scope of cross-examination.

Accordingly, the defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court for further proceedings.