**STATE**

v.

**Cheryl GERVAIS.**

**No. 91–347–C.A.**

Supreme Court of Rhode Island.

May 14, 1992.

James E. O'Neil, Atty. Gen., Paul Dailey, Jr., Sp. Asst. Atty. Gen., for plaintiff.

Thomas F. Connors, Providence, for defendant.

**ORDER**

On May 6, 1992, this matter came before the Supreme Court pursuant to an order requiring both parties to appear and show cause why the defendant's appeal should not be summarily decided.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, it is the conclusion of this court that no cause has been shown. Expungement of records and records of conviction may occur within forty-five days only when a person "is acquitted or otherwise exonerated from the offense with which he or she is charged." General Laws 1956 (1981 Reenactment) § 12–1–12.

A plea of nolo contendere and a successfully served term of probation, while not constituting a conviction under § 12–18–3, remains as a record and does not constitute exoneration of that charge. The term for expungement of the record in this case therefore remains at ten years. The issue involved in the relief sought by the defendant is more appropriately addressed by the Legislature.

The defendant's appeal is therefore denied and dismissed.