STATE

v.

Paul SANTOS.

No. 91–669–C.A.

Supreme Court of Rhode Island.

Oct. 16, 1992.

James E. O'Neil, Atty. Gen., Annie Goldberg, Jeffrey Greer, Asst. Attys. Gen., for petitioner.

Richard Casparian, Public Defender, Barbara Hurst, Asst. Public Defender, for respondent.

OPINION

PER CURIAM.

This matter came before the Supreme Court pursuant to an order issued to both parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The defendant seeks review of a Superior Court adjudication revoking his bail in one case and finding him to be in violation of probation in several other cases.

In 1989 in Superior Court Information No. P2/89–2363 defendant had pleaded nolo contendere to charges of assault on a police officer and a firefighter, resisting arrest, and obstruction of a police officer in the performance of his or her duty. He was sentenced on each charge. He served six months in prison on the assault charges and then began thirty months' probation in regard to those charges and thirty-six months suspended sentence on each of the remaining charges. In a separate case, in Superior Court Information No. P2/90–2010, defendant had also received a five-year suspended sentence on charges of assault with a dangerous weapon, but defendant was free on bail on that charge at the time of the latest incident which gave rise to the adjudication of violation.

That incident occurred in August 1991. The defendant's girl-friend, Linda Ralph, had obtained a restraining order against defendant. She then took her three young children from the apartment she shared with defendant to her sister Brenda's apartment where she planned to spend the night away from defendant. There was testimony that defendant, after having been told by Brenda through a locked door that Linda was not there, entered the apartment through a window from a fire escape, struck the telephone from Brenda's hand as she attempted to call the police, and with much shouting, and threats of bodily harm forced Linda and the children to accompany him back to the apartment she had left. There, after again assuring Linda that she would be beaten, defendant was arrested by police who had been summoned by Brenda. The defendant denied any intent to harm. He also denied any knowledge of the restraining order.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, we are of the opinion that cause has not been shown. In her decision the trial justice found the testimony of Brenda and Linda to be believable and the testimony of defendant to be incredible. She found that defendant had violated the conditions of his probation and bail in the earlier cases.

The trial justice issued four orders. One vacated the suspension of defendant's sentences in Superior Court Information No. P2/89–2363. Another order revoked defendant's bail in Information No. P2/90–2010 for breach of his recognizance. Another order set bail in the amount of $20,000 on a charge of kidnaping arising out of the August 1991 incident, and lastly, defendant was ordered held without bail on a charge of burglary also arising out of the same incident. The trial justice found, as far as the charge of burglary, "that proof of guilt is evident and the presumption of guilt is great."

■ Before us defendant does not challenge the revocation of bail and the setting of bail on the charge of kidnaping. He also admits that the evidence presented at the violation hearing was sufficient to prove assault. He therefore could not seriously dispute that he is a violator not only of his probation but also of the terms of his bail.

■ The defendant does claim that he is entitled to resentencing on the violation because his conduct was far less serious than the trial justice found it to have been. He cites no authority in support of his position, and we are not aware of any. If a person on a suspended sentence has not complied with the terms of his probation, it is within the discretion of the trial court to vacate the suspension. *State v. Bourdeau,* 448 A.2d 1247, 1249 (R.I.1982).

■ In regard to the matter of holding the defendant without bail on the burglary charge, with the imposition of the previously suspended sentences and the resultant incarceration of the defendant, that issue would appear to be moot.

For these reasons the defendant's appeal is denied and dismissed, the judgments of the Superior Court are affirmed, and the papers of the case are remanded to the Superior Court.