STATE

v.

Wilfret JOHNSON.

No. 94–68–C.A.

Supreme Court of Rhode Island.

Nov. 10, 1994.

James Caruolo, Aaron Weisman, Providence.

Janice Weisfeld, Paula Rosin, Providence.

ORDER

This case came before the Supreme Court for oral argument on October 31, 1994, pursuant to an order that directed the defendant, Wilfret Johnson, to show cause why the issues raised in his appeal should not be summarily decided. The defendant has appealed from a Superior Court finding that defendant had violated the terms of three previously imposed suspended sentences. In consequence thereof, the trial justice ordered defendant to serve the remaining fifty-four months and forty-two months on two of the convictions and continued the suspended sentence on the remaining one.

After reviewing the memoranda submitted by the parties and after hearing the arguments of counsel for the parties, this court has concluded that cause has not been shown, and the issues will be summarily decided.

At the violation hearing, the state presented undisputed evidence that defendant remained engaged in selling controlled substances, while he was serving two separate suspended sentences for narcotics trafficking. As a consequence of a dispute over the proceeds of a drug transaction, a witness testified that defendant assaulted an individual whose injuries resulted in his remaining in a coma for several months. We hold that defendant's contention that the trial justice erred in his assessment of the witness's credibility is without merit. This court has held that the sole purpose of a probation revocation hearing is the determination of whether a condition of the probation has been breached and not as a part of the criminal prosecution. *State v. Bourdeau*, 448 A.2d 1247, 1249 (R.I.1982). The state need only establish the violation by reasonably satisfactory evidence. *In re Lamarine*, 527 A.2d 1133, 1135 (R.I. 1987). We conclude that the trial justice acted neither arbitrarily or capriciously in assessing the credibility of the witnesses. *Bourdeau*, 448 A.2d at 1249.

The defendant's second contention alleged that the trial justice erred in limiting defendant's cross-examination of a witness. This court has held consistently that the scope and extent of cross-examination is within the sound discretion of the trial justice and such a determination will not be disturbed absent a clear showing that the trial justice abused his or her discretion and only if such abuse constituted prejudicial error. *State v. Vento*, 533 A.2d 1161, 1165 (R.I.1987); *Bourdeau*, 448 A.2d at 1249. In respect to the unnamed female that defendant sought to identify, because she was a passenger in defendant's car, defendant was in a better position to make the identification than the witness whose cross-examination defendant claims was curtailed. Therefore, there was no abuse of discretion on the part of the trial justice in limiting the cross-examination.

Therefore, we deny and dismiss the appeal and affirm the judgment of the Superior Court.