STATE

v.

Patricia JOHNSON.

No. 96–174–C.A.

Supreme Court of Rhode Island.

Nov. 27, 1996.

Andrew Berg, Aaron Weisman, Providence.

Paula Lynch Hardiman, Paula Rosin.

### ORDER

This matter comes before the Court pursuant to an order directing the parties to appear and show cause why the issues raised by this appeal should not be summarily decided. The defendant, Patricia Johnson (Johnson), appeals from a Superior Court final judgment that found she had violated the terms of her probation and ordered her to serve eight years of her previously suspended eighteen year sentence. After reviewing memoranda submitted and hearing arguments of counsel thereon, we conclude that cause has not been shown and the issues raised in this appeal will now be summarily decided.

While on probation for two convictions of delivery of a controlled substance, Johnson was arrested on June 16, 1995 and charged with possession of cocaine. Pursuant to Rule 32(f) of the District Court Rules of Criminal Procedure, Johnson was presented at a hearing on July 25 and 26, 1995 to determine whether she had violated the terms of her probation.

At the violation hearing the State presented two Providence police officers as witnesses. Those officers testified that on June 16, 1995 at approximately 10:00 p.m. they were patrolling the west end of Providence near Cranston and Dexter Streets. They testified that they turned onto Ford Street where they noticed a gold colored car parked in front of 24 Ford Street, a house known to the police as a "crack house". A male and female were seen inside the car and the

officers heard the car's horn beeping. The officers further testified that after the horn sounded they witnessed a female exit the house at 24 Ford Street and approach the car. This woman was later identified as the defendant, Johnson. The officers then witnessed a woman later identified as Trina Perry exit the gold colored car and hand Johnson some money.

At this point the police parked their cruiser in front of 24 Ford Street and one of the officers got out. The police testimony indicated that Johnson saw the officers, took a step back and dropped a clear bag to the ground. The gold colored car then drove off and Trina Perry quickly walked behind the house located at 24 Ford Street.

The police testified that they seized the clear bag and arrested Johnson. A toxicology test performed later showed the bag contained cocaine. The officers testified that no other individuals were seen in the area and that they were unable to locate the gold car or its driver.

In its case-in-chief, the defense presented Trina Perry, who testified that she was not at 24 Ford Street on June 16, 1995 and that she did not meet the defendant there. She stated that she was home watching television. During cross-examination, Trina Perry testified that she had been previously convicted for loitering and prostitution.

Johnson testified at the violation hearing in her defense and asserted that she had gone to 24 Ford Street to help a friend who resided in the house located there. She further testified that she left 24 Ford Street at approximately 10:00 p.m. with her friend Mabel Hardy and that the two left to walk to a nearby store. She stated that as she was walking from her friend's apartment she saw a car parked outside and a woman she identified as Carol Pona talking to the passenger of the car. Johnson also stated that when she noticed the police she turned back toward 24 Ford Street to avoid being harassed. She denied possessing any cocaine. Johnson did testify, however, that previously she had undergone treatment for drug abuse and that she had suffered a relapse three weeks prior to the instant arrest. She also testified during cross-examination that she and Mabel Hardy had spoken of Johnson's arrest while the two were incarcerated at the Adult Correctional Institution.

The defense also introduced an affidavit from Mabel Hardy, who was unavailable at the violation hearing because of outstanding warrants. The affidavit corroborated Johnson's testimony and was admitted as a full exhibit. Johnson had earlier testified that she read the affidavit prior to the violation hearing.

At the conclusion of the violation hearing the trial justice reviewed the evidence and concluded that Johnson had violated the terms and conditions of her probation. She ordered her to serve eight years of her previously suspended 18 year sentence. The defendant then timely filed this appeal.

Johnson contends in this appeal that the trial justice acted arbitrarily in finding that she had violated the terms of her probation by disregarding the testimony of all the defense witnesses and accepting the testimony of the police witnesses. She argues that the testimony of the police was suspect because they failed to pursue the driver of the gold car.

We find no merit in the defendant's appeal. The issue presented to this Court in this appeal is one of credibility. We have long held that the weighing of evidence and the assessment of witness credibility at a violation hearing is a function for the trial justice and that we will not overturn such assessment unless it was arbitrary or capricious. *State v. Bourdeau,* 448 A.2d 1247, 1249 (R.I. 1982).

In this case the justice specifically stated that she did not believe the affidavit of Mabel Hardy, that she did not believe the testimony of Johnson and that she accepted the testimony of the police. After reviewing the evidence before the trial justice we cannot say she acted arbitrarily or capriciously in her decision. In addition to the testimony of the police the judge was free to consider the impeachment evidence of the numerous criminal convictions against the defense witness in assessing credibility. *See R.I.R.Evid. 609.* She could also consider the time Johnson and Mabel Hardy spent discussing the circum-

stances of Johnson's arrest, while together in the Adult Correctional Institution, and the fact that Johnson read the affidavit prior to the hearing. We are thus confident that the judge properly performed her role as fact-finder and do not believe that her decision to find that Johnson had violated the terms of her probation was arbitrary or capricious.

For the foregoing reasons, the defendant's appeal is hereby denied and dismissed.

WEISBERGER, C.J., did not participate.