## STATE

v.

### Edward FOSTER.

### No. 96–268–C.A.

Supreme Court of Rhode Island.

Oct. 23, 1997.

Aaron L. Weisman, Providence.

Edward J. McEnaney, Cranston, Edward Foster.

#### ORDER

This case came before the court for oral argument October 14, 1997, pursuant to an order that had directed the defendant, Edward Foster, to appear in order to show cause why his appeal should not be denied and dismissed. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The defendant has appealed pro se from an order of the Superior Court which denied his motion to expunge his criminal conviction and excuse him from payment of court costs. His conviction for assault with a dangerous weapon was affirmed by this court on October 12, 1990 in an unpublished order (No. 90–56–C.A.). The defendant also seeks to challenge his prior conviction on the merits before this court but did not raise these issues in the Superior Court.

The defendant was convicted on February 6, 1989 and filed his motion for expungement approximately six years thereafter on June 16, 1995. G.L.1956 § 12–1.3–3(b) provides that the Superior Court may expunge the records of a conviction in respect to a felony upon a showing that for ten years preceding the filing of the motion the petitioner has not been convicted nor arrested for any felony or misdemeanor and has otherwise exhibited good moral character. In this case the defendant filed his motion to expunge less than ten years after the date of his conviction. Consequently, the trial justice properly denied the motion to expunge. The other issues raised by the defendant and not considered by the Superior Court are not properly before us. Defendant may raise such issues before the Superior Court in an application for post-conviction relief.

Therefore, the defendant's appeal is denied and dismissed. The papers in the case may be remanded to the Superior Court.