## STATE

v.

### Gino D. RUSSO.

### No. 96–557–C.A.

Supreme Court of Rhode Island.

Oct. 23, 1997.

Annie Goldberg, Aaron L. Weisman, Providence.

Paula Rosin, Catherine A. Gilbran, Providence.

### ORDER

This case came before the Supreme Court on October 8, 1997, pursuant to an order that directed the parties to show cause why the issues raised by this appeal should not be summarily decided. The defendant, Gino D. Russo, has appealed from a Superior Court adjudication that he violated the terms of his probation.

After hearing the arguments of counsel for the parties and reviewing their memoranda, we are of the opinion that cause has not been shown. Therefore, the appeal will be decided at this time.

On March 12, 1996, defendant was arrested and charged with breaking and entering. At the time of the arrest, he was on probation for prior unrelated offenses. The arresting officer, Vincent Sollito (Sollito), testi-

fied at a probation violation hearing that while on patrol that evening, he responded to a break-in-progress call in the vicinity of 37 Beaufort Street in Providence. Sollito observed defendant and another individual standing on Beaufort Street while a third individual rapidly walked away. The departing suspect, Anthony Gear (Gear), matched one of the dispatch descriptions, and he was taken into custody.

The officer questioned defendant and his companion who were standing between a large lidless blue trash can and their tan Subaru. The trash can was visibly full of household electronics. Sollito took the men into custody when they were unable to name the individual they allegedly were visiting in the area. Further investigation revealed a broken cellar window at 45 Beaufort, missing household electronics, and Gear's fingerprints. Gear first implicated defendant as a co-conspirator in the crime but later denied knowing defendant.

The hearing justice considered all the testimony before finding that defendant violated the terms of his probation and ordered him to serve eleven and one-half years of previously suspended sentences. The defendant appealed, arguing that the hearing justice acted arbitrarily and capriciously in reaching her determination. Although the evidence in this case was circumstantial, at a probation revocation hearing, the state need not prove beyond a reasonable doubt that a defendant has violated his probation, but need only present reasonably satisfactory evidence of a violation. *In re Lamarine*, 527 A.2d 1133, 1135 (R.I.1987). The role of the hearing justice at such a hearing is to assess the credibility of witnesses and to weigh testimonial evidence. *State v. Bourdeau*, 448 A.2d 1247, 1249 (R.I.1982). Our review of such a determination is limited to a consideration of whether the justice acted arbitrarily or capriciously. *Id.* Here, the record revealed that the justice heard testimony from police officers, defendant, and Gear and found Gear's testimony less than credible. Such a determination was well within her discretion and was neither arbitrary nor capricious.

The defendant also argued that the justice erred in limiting his Sixth Amendment right to confront a witness against him when she limited his cross-examination of Sollito during the hearing, and he contended that further questioning would have established that the officer knew Gear from previous housebreaks in the area. The defendant argued that such information would have permitted the inference that Gear and not defendant was responsible for this housebreak.

The defendant clearly is entitled to his constitutional right to confront and cross-examine adverse witnesses. *Bourdeau* at 1249. The purpose of that cross-examination, however, is "to establish possible bias, prejudice, or ulterior motives of the adverse witness." *Id.* The scope of the cross-examination is subject to the trial justice's discretion, and only a finding of prejudicial abuse of discretion will permit that determination to be disturbed. *Id.* In this case, the additional information sought by defendant was unrelated to finding bias, prejudice or ulterior motives on the part of the officer. Rather, it was directed at permitting the court to draw an inference in respect to who was guilty of the crime committed. The focus of a probation violation hearing is not to convict a defendant of a new offense, but to determine whether a defendant has breached a condition of the existing probation. *State v. Chase*, 588 A.2d 120 (R.I.1991). The additional testimony sought was, therefore, irrelevant to that determination, and the trial justice did not abuse her discretion in limiting the scope of the cross-examination.

We also conclude that defendant's claim that the hearing justice erred by improperly considering other matters is without merit.

Therefore, we deny and dismiss the defendant's appeal and affirm the judgment of the Superior Court to which we remand the papers in the case.

GOLDBERG, J., did not participate.