### STATE

### v.

### David WATERS.

### No. 97-220-C.A.

Supreme Court of Rhode Island.

Feb. 19, 1998.

Annie Goldberg, Aaron L. Weisman, Providence.

Paula Rosin, Providence.

### ORDER

This case came before the Supreme Court on February 3, 1998, pursuant to an order that directed the parties to show cause why the issues raised by this appeal should not be summarily decided. The defendant, David Waters, has appealed from a Superior Court adjudication that he violated both the terms of his probation and the terms of his bail on separate charges. After hearing the arguments of counsel for the parties and reviewing their memoranda, we are of the opinion that cause has not been shown. Therefore, the appeal will be decided at this time.

In 1991, defendant was sentenced to two concurrent ten-year suspended sentences with ten years probation stemming from his nolo contendere pleas to a number of charges including larceny and breaking and entering with intent to commit larceny. Five years later, on April 30, 1996, he was arraigned on charges of resisting arrest and simple domestic assault against his wife, Penny Waters (Penny); defendant was released on five thousand dollars bail. On August 7, 1996, defendant was again arrested and charged with domestic assault, assault with intent to commit murder, and first degree sexual assault against Penny. Those charges formed the basis for the revocation of his bail and probation in September 1996.

On August 6, 1996, North Kingstown police found Penny running barefoot down Old Baptist Road in an agitated and disheveled condition. Penny, who was visibly injured, had to be physically subdued and repeatedly shouted "he raped me;" she also told the police that "he tried to kill me" and identified defendant as her assailant. Penny was taken to the hospital where she told an examining physician that she had been repeatedly raped and abused by her husband over a period of four days. Penny's physical examination supported her story, and she repeated this same account to the police who interviewed her at the hospital.

On September 9, 1996, however, Penny signed a written statement at the Office of the Public Defender (public defender) in which she recanted her previous accusations against defendant and identified a drug dealer named Louie as her actual assailant. At defendant's subsequent violation hearing, Penny invoked her Fifth Amendment rights and refused to answer any questions. Por-

tions of the various statements Penny had made to police, to hospital personnel and to the public defender were read into evidence.

Several witnesses also testified for the state at the violation hearing. One witness reported seeing a car on August 4 matching the description of defendant's vehicle. The witness testified that a man was driving and that he forcibly prevented a woman passenger matching Penny's description from jumping out of the car as it traveled down a road in North Kingstown. Another witness, who had dated Penny a few times, testified that Penny told him that she had lied in the statement she gave to the public defender and that defendant was the one who had attacked her.

After considering all the evidence, the trial justice found that defendant had violated the terms of both his bail and his probation. The justice expressly stated that she found Penny's initial report of the attack to be credible and noted that it was corroborated by the other evidence. Penny's later recantation was dismissed by the justice as incredible. The justice ordered defendant to serve 10 years on the previously imposed concurrent sentences and 90 days on the bail violation.

On appeal, defendant argued that the hearing justice erred by admitting into evidence portions of Penny's statements to police. He argued that the spontaneous utterance exception to the hearsay rule, R.I.R.Evid. 803(2), did not apply. Alleging, inter alia, that Penny was under the influence of cocaine when those statements were made and emphasizing that Penny recanted them, defendant asserted that Penny's incriminating statements should have been excluded. The defendant, however, failed to object properly to the incriminating testimony at the hearing. Accordingly, we regard this issue as having been waived and thus it will not be reviewed on appeal. *State v. Moran*, 699 A.2d 20, 27 (R.I.1997).

The defendant also argued that he was denied his right to confront and cross-examine witnesses at his violation hearing. He claimed that although the state was allowed to put Penny's out-of-court statements into evidence, he was precluded from cross-examining her because Penny invoked her right against self-incrimination. The cases relied upon by defendant merely state that before admitting hearsay on issues that are central to the determination of the commission of the violation, the trial justice must determine whether there is good cause for denying confrontation and/or cross-examination. *State v. Bourdeau*, 448 A.2d 1247, 1249 (R.I. 1982). In this case, the court determined that Penny properly invoked protection under the Fifth Amendment, and thus the good cause requirement was satisfied. We also note that defendant successfully introduced the out-of-court statements that Penny had made to the public defender.

Invoking his right to present a defense, defendant further contended that the trial justice erred in refusing to allow him to question Penny's mother about whether Penny had ever admitted to having lied to the police. We are of the opinion that even if Penny's alleged admission to her mother had been allowed into evidence by the trial justice, it would only have constituted cumulative evidence. The trial justice was aware of Penny's recantation. In light of the nature of a probation revocation hearing and our standard of review, we cannot conclude that the justice committed reversible error in refusing defendant's cross-examination.

A probation revocation hearing "is not part of the criminal prosecution process 'and, thus, does not call for the full panoply of rights due a defendant in such a criminal proceeding.'" *State v. Kennedy*, 702 A.2d 28, 31 (R.I. 1997) (quoting *Bourdeau*, 448 A.2d at 1248). At a probation revocation hearing the state need only prove a violation by reasonably satisfactory evidence, and this Court's review of a finding of violation is limited to a consideration of whether the justice acted arbitrarily or capriciously in finding that a violation had occurred. *Id.*

Here, the trial justice weighed the evidence and was reasonably satisfied that defendant had committed the acts for which he was charged and that he had violated the conditions of his probation and his bail. The testimony of witnesses and the medical evidence supported Penny's initial claims that defendant was her assailant. The evidence

**1344**

in this case was more than reasonably satisfactory to support the trial justice's findings.

Therefore, we deny and dismiss the defendant's appeal and affirm the judgment of the Superior Court to which we return the papers in this case.

BOURCIER, J., did not participate.