STATE of Rhode Island

v.

Antonia ALEJO, William Berry,
and Edgar B. McCreadie.

No. 97–538–M.P.

Supreme Court of Rhode Island.

Jan. 8, 1999.

Aaron L. Weisman, Providence, for plaintiff.

Arlene M. Violet, East Providence, Randy Olen, Providence, William Berry, for defendant.

Present WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

These three consolidated matters come to us pursuant to an order of this Supreme Court entered on May 22, 1998, directing all parties to appear and show cause why the issues raised in the state's petition for certiorari should not be summarily decided.

After consideration of the oral arguments of counsel and the memoranda submitted by the parties, we conclude that cause has not been shown, and the issues raised can and will be summarily decided.

In this proceeding, this Court is once again requested to interpret the expungement of criminal records statute, G.L.1956 § 12–1.3–1 and in particular §§ 12–1.3–2 and 12–1.3–3.

We have issued our writ of certiorari because notwithstanding our earlier order in *State v. Gervais*, 607 A.2d 881 (R.I.1992)[1] justices and judges in the courts below continue to vary in both their interpretations and application of that statute. In the exercise of the ultimate judicial authority vested in this Court under article 10 of the Rhode Island Constitution, we have acceded to the state's petition for certiorari in order to resolve the current dilemma existing in the trial courts below, resulting from the differing interpretations of the criminal records expungement statute. We are likewise persuaded to do so from our reading of the comments made in the record by the Superior Court trial justice who presided at the hearings held on the three consolidated cases now before us expressing the same concerns as noted by the state in its petition.

## I

### Case Travel

On August 26, 1997, a Superior Court trial justice held hearings on three separate motions seeking the expungement of past criminal conviction records filed by named defendants in three previously disposed—of criminal cases. In each of the cases—two involving felony convictions and one involving a misdemeanor conviction—the motions were granted, and the records ordered expunged. The state asserted in those proceedings, as it does here in this Court, that the trial justice was not permitted to act upon and exercise his discretion upon the motions because none were legally before him to act upon.

In the first of those cases, *State v. Alejo*, P2/90–4122A, the defendant Alejo had, on April 28, 1992, entered a plea of nolo contendere to possession of a firearm by an alien, which is a felony offense. Alejo was sentenced to a suspended term of five-years imprisonment with concurrent probation.

In the second case, *State v. Berry*, P2/93–9A, the defendant Berry had on June 29, 1993, entered a plea of nolo contendere on

two amended and reduced charges of simple assault. On each charge, Berry was sentenced to concurrent suspended terms of one-year imprisonment with concurrent probation. The original charges against Berry had been for second-degree sexual assaults.

In the third, *State v. McCreadie*, P2/96–1357A, the defendant had pled nolo contendere to a charge of conspiracy to commit larceny over $500 (a felony) and was sentenced to a term of one-year probation on May 14, 1996.

## II

### The Criminal Record Expungement Statute

Section 12–1.3–2 provides:

"Motion for Expungement.—(a) Any person who is a first offender may file a motion for the expungement of all records and records of conviction for a felony or misdemeanor by filing a motion in the court in which the conviction took place, provided that no person who has been convicted of a crime of violence shall have his or her records and records of conviction expunged.

(b) Subject to subsection (a), a person may file a motion for the expungement of records relating to a *misdemeanor* conviction after five (5) years from the date of the completion of his or her sentence.

(c) Subject to subsection (a), a person may file a motion for the expungement of records relating to a *felony* conviction after ten (10) years from the date of the completion of his or her sentence." (Emphases added.)

Section 12–1.3–3 provides:

"Motion for expungement—Notice—Hearing—Criteria for granting.—(a) Any person filing a motion for expungement of the records of his or her conviction pursuant to § 12–1.3–2 shall give notice of the hearing date set by the court to the department of the attorney general and the police department which originally brought

---

1. Our further order in *State v. Foster*, 701 A.2d 1023 (R.I.1997) was entered on October 23, 1997, some two months after the Superior Court justice's decisions that are concerned in this proceeding.

the charge against [the] person at least ten (10) days prior to that date.

(b) The court, after the hearing at which all relevant testimony and information shall be considered, may, in its discretion, order the expungement of the records of conviction of the person filing the motion if it finds:

(1) That in the five (5) years preceding the filing of the motion, if the conviction was a *misdemeanor*, or in the ten (10) years preceding the filing of the motion if the conviction was for a *felony*, the petitioner has not been convicted nor arrested for any felony or misdemeanor, there are no criminal proceedings pending against the person, and he or she has exhibited good moral character ." (Emphases added.)

■ This Court adheres to the well settled rule of statutory construction that where " 'the language of a statute is clear and unambiguous, the statute may not be construed or extended but must be applied literally.' " *Pizza Hut of America, Inc. v. Pastore,* 519 A.2d 592, 593 (R.I.1987); *see also State v. Quattrocchi,* 687 A.2d 78, 80 (R.I.1996). We see nothing in §§ 12–1.3–2 or 12–1.3–3 that suggests any ambiguity or lack of clear legislative intention in the wording of those statutory sections. The procedure set out by the General Assembly in those statutory enactments permits a first offender, who has not been convicted of a crime of violence, to file a motion to have his or her past record of criminal conviction for a felony or misdemeanor expunged. The statute states in clear and concise ordinary language that in the case of a misdemeanor conviction, any person who has been convicted and who seeks expungement of his or her criminal record, first must serve out the full term of his or her sentence, regardless of whether the sentence was for imprisonment, suspension of imprisonment or probation, or any combination thereof. Once having completed the total length and probationary terms of the sentence imposed, the defendant, in the case of a *misdemeanor* conviction, then must wait an additional period of five years before first being eligible to file his or her motion to expunge the particular record of conviction.

Section 12–1.3–2. Upon the proper filing of such a motion, the person seeking record expungement then must give at least ten days notice of the hearing date set by the particular court in which the motion has been filed to the department of the Attorney General as well as to the police department from which the particular charge involved in the conviction originated.

■ At the hearing upon the motion to expunge, the hearing justice or judge may exercise his or her discretion whether to grant or deny the motion. However, the trial justice first must find from the evidence presented, that during the five-year waiting period following the complete service and satisfaction of the sentence concerned in the motion, the petitioner has not been "convicted nor arrested" for any felony or misdemeanor; that there are no criminal proceedings involving the movant petitioner then pending and, that the petitioner has exhibited good moral character during that five-year waiting period.

In a case where a person who has been convicted of a felony that did not involve a crime of violence moves to expunge his or her criminal record, we follow the same procedure as above, with one exception: In the case of felony conviction, the waiting period between the completion of sentence and the filing of motion is ten, rather than five years.

■ Applying the procedure outlined above to the three consolidated cases before us, it is obvious that in the case of Antonia Alejo (P2/90–4122A), who had been convicted of a felony, she was ineligible to seek expungement of her five-year suspended sentence imposed on April 28, 1992, until the expiration of ten years after April 29, 1997.

■ In the case of William Berry (P2/93–9A), who had been convicted and sentenced on two misdemeanor charges on June 29, 1993, to concurrent, suspended one-year terms of imprisonment with probation, his motion to expunge his record of convictions prior to the expiration of five years after June 30, 1994, is not permitted by the criminal record expungement statutes.

In the case of Edgar McCreadie (P2/96–1357A), who had been convicted and sentenced on May 14, 1996, to a one-year term of probation on a charge of conspiracy to commit larceny over $500, a felony, his motion to expunge his record of conviction prior to the expiration of ten years after May 15, 1997, is not permitted by the criminal record expungement statute. Because each of the defendants in the cases before us lacked any legal standing to file their premature motions to expunge their criminal convictions, there was no justiciable matter properly before the trial justice upon which he could act. He erred in so doing.[2]

For the reasons stated, the petition for certiorari is granted, the judgment of the Superior Court entered in each of the three cases consolidated in the petition before us is hereby quashed, and the papers in this case are remanded to the Superior Court with our decision endorsed thereon, and with direction to dismiss each of the motions filed for expungement of the criminal record in each case.

---

**2.** The defendant McCreadie's contention that his plea of nolo contendere to the felony charge against him followed by a sentence of probation is not a conviction pursuant to G.L.1956 § 12–18–3 and that he is entitled to the expungement of the records of the criminal information in P2/96–1357A is meritless. The statutes, § 12–18–3 and G.L.1956 chapter 1.3 of title 12 are totally independent of each other and serve a separate legislative purpose and intention and are not in conflict with each other.