STATE

v.

Jerry T. BADESSA et al.

No. 2004–180–M.P.

Supreme Court of Rhode Island.

March 1, 2005.

Christopher R. Bush, Providence, for Plaintiff.

Andrew Horwitz, Pawtucket, Thomas Mirza, Providence, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

1. *Towne v. Eisner,* 245 U.S. 418, 425, 38 S.Ct. 158, 62 L.Ed. 372 (1918).

## OPINION

PER CURIAM.

"A word is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used."—Mr. Justice Holmes [1]

Who is a "first offender" for the purposes of the expungement statutes as codified at G.L.1956 §§ 12–1.3–1 to 12–1.3–3? Does the term "first offender" as defined in § 12–1.3–1(3) mean an individual with one and only one conviction, or does it apply to an individual attempting to expunge a first conviction, despite the presence of subsequent convictions on his record? The State of Rhode Island (state) urges this Court to quash three separate Superior Court orders expunging certain criminal records of the respondents, Jerry T. Badessa, David W. Brunetti, and Brian L. Dexter. On October 12, 2004, this Court granted the state's petition for writ of certiorari. We heard this case on February 1, 2005, pursuant to an order directing all parties to appear and show cause why the issues raised should not summarily be decided. After considering the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown, and we will proceed to decide the case at this time. For the reasons stated below, we agree with the arguments made by the state and vacate the orders of the Superior Court.

### Facts and Procedural History

The three respondents in this case each sought the expungement of certain prior criminal records pursuant to G.L.1956 §§ 12–1.3–1 through 12–1.3–3.[2] At a hear-

2. General Laws 1956 § 12–1.3–1 provides in pertinent part:

ing held on April 12, 2004, the hearing justice granted respondents' motions for expungement over the state's objections that respondents did not qualify as first offenders under the relevant statutes. Respondent Badessa sought expungement of two convictions, one a July 8, 1993 conviction for trespass, and the other a May 15, 1995 conviction for simple assault. However, Badessa's record includes several other convictions, both before and after those that have been expunged by the Superior Court, including a 1985 conviction for simple assault, a 1987 conviction for possession of a controlled substance, convictions in both 1990 and 1991 for shoplifting, and, most recently, a 1996 charge for assault with intent to commit robbery.[3] Similarly, respondent David Brunetti's record consists of both the expunged December 8, 1988 conviction for third-degree sexual assault, and a 1989 conviction for marijuana possession. Respondent Dexter's record

"Definitions.—For purposes of this chapter only, the following definitions apply:
" * * *
"(3) 'First Offender' means a person who has been convicted of a felony offense or a misdemeanor offense, and who has not been previously convicted of or placed on probation for a felony or a misdemeanor and against whom there is no criminal proceeding pending in any court." Section 12–1.3–1.

Section 12–1.3–2 provides:
"Motion for expungement.(a) Any person who is a first offender may file a motion for the expungement of all records and records of conviction for a felony or misdemeanor by filing a motion in the court in which the conviction took place, provided that no person who has been convicted of a crime of violence shall have his or her records and records of conviction expunged.
"(b) Subject to subsection (a) of this section, a person may file a motion for the expungement of records relating to a misdemeanor conviction after five (5) years from the date of the completion of his or her sentence.
"(c) Subject to subsection (a) of this section, a person may file a motion for the expungement of records relating to a felony conviction after ten (10) years from the date of the completion of his or her sentence."

Section 12–1.3–3 provides:
"Motion for expungement-Notice-Hearing-Criteria for granting.-(a) Any person filing a motion for expungement of the records of his or her conviction pursuant to § 12–1.3–2 shall give notice of the hearing date set by the court to the department of the attorney general and the police department which originally brought the charge against the person at least ten (10) days prior to that date.

"(b) The court, after the hearing at which all relevant testimony and information shall be considered, may in its discretion order the expungement of the records of conviction of the person filing the motion if it finds:
(1) That in the five (5) years preceding the filing of the motion, if the conviction was for a misdemeanor, or in the ten (10) years preceding the filing of the motion if the conviction was for a felony, the petitioner has not been convicted nor arrested for any felony or misdemeanor, there are no criminal proceedings pending against the person, and he or she has exhibited good moral character;
(2) That the petitioner's rehabilitation has been attained to the court's satisfaction and the expungement of the records of his or her conviction is consistent with the public interest.
"(c) If the court grants the motion, it shall order all records and records of conviction relating to the conviction expunged and all index and other references to it deleted. A copy of the order of the court shall be sent to any law enforcement agency and other agency known by either the petitioner, the department of the attorney general, or the court to have possession of the records. Compliance with the order shall be according to the terms specified by the court."

3. The Attorney General makes reference to 1997 convictions for assault and battery, forgery and counterfeiting, but our review of Badessa's BCI does not reveal these convictions. On the other hand, the on-line Rhode Island Adult Criminal Information Database does indicate these later convictions. This discrepancy, however, has no effect on our decision in this case.

is likewise blemished by convictions other than those he seeks to expunge. In addition to the June 5, 1978 conviction for leaving the scene of an accident, and the January 15, 1982 conviction for possession of a controlled substance, both of which were expunged by the Superior Court, Dexter's record includes a 1982 conviction for driving under the influence, and a 1982 conviction for possession of a controlled substance.

■ In three separate hearings held on April 12, 2004, each respondent sought the expungement of convictions that did not, in the state's view, satisfy the statutory requirement that expungement is available only to first offenders. Despite the state's objections, the trial justice held, in regard to each respondent, that subsequent convictions did not automatically bar expungement of first offenses. Instead, the hearing justice interpreted the expungement statutes as giving great discretion to the court in determining whether a particular person has sufficiently rehabilitated himself or herself to warrant expungement, irrespective of either previous or subsequent convictions.[4] In response to the hearing justice's actions in these three cases, the state petitioned this Court for a writ of certiorari, which was issued on October 12, 2004. The state argues that because each of the respondents lacked legal standing to file his motion to expunge, there never was a justiciable matter before the court. As such, the state requests that this Court vacate the orders entered by the Superior Court.

## Standard of Review

■ "Article XII of amendments to our state constitution specifically reserves to this [C]ourt the power to exercise 'final revisory and appellate jurisdiction upon all questions of law and equity.' * * * Review is discretionary and generally accomplished by way of the common law writ of certiorari." *Lynch v. King,* 120 R.I. 868, 873, 391 A.2d 117, 120–21 (1978). "Our review on a writ of certiorari is restricted to an examination of the record to determine whether any competent evidence supports the decision and whether the decision maker made any errors of law in that ruling." *Asadoorian v. Warwick School Committee,* 691 A.2d 573, 577 (R.I.1997); *see also Brouillette v. Department of Employment and Training Board of Review,* 677 A.2d 1344, 1346 (R.I.1996). Here we have been asked to interpret the applicability of the expungement statutes. Questions of statutory interpretation are reviewed *de novo* by this Court. *Webster v. Perrotta,* 774 A.2d 68, 75 (R.I.2001).

## Analysis

■ Central to the disposition of this case is the determination of who meets the definition of "first offender" under § 12–1.3–1(3). As defined in the statute, a first offender is one who "has been convicted of

---

4. Despite the trial justice's interpretation of the statute, we must reiterate our previous sentiments regarding the trial court's application of the expungement statutes.

"Although the Superior Court possesses jurisdiction to entertain actions of this kind [expungement], the Legislature has established a specific statutory scheme for maintaining, handling, expunging, and sealing BCI records that are under the control of the Attorney General. * * * [T]he Superior Court possesses no specific statutory authority to eradicate entries relating to criminal matters from a BCI report unless the request for relief in that regard falls within the criteria set out by the Legislature. If the Superior Court possessed the inherent power to disregard the specific criteria and limitations on the expungement and sealing of BCI records that are set forth in the statute, then those criteria and limitations would be rendered nugatory." *State v. Manocchio,* 743 A.2d 555, 557–58 (R.I.2000).

a felony offense or a misdemeanor offense, and who has not been previously convicted of or placed on probation for a felony or a misdemeanor and against whom there is no criminal proceeding pending in any court." A first offender may file a motion for expungement of his criminal record after fulfilling further statutory requirements that mandate five and ten year waiting periods for misdemeanor and felony convictions, respectively. Section 12–1.3–2. After a hearing mandated by § 12–1.3–3, the court may order expungement if it finds that the petitioner has been sufficiently rehabilitated, and that he has not been convicted or arrested during the waiting period. At issue in the case before us is whether subsequent convictions invalidate one's first-offender status and consequently render the expungement statute inapplicable to those with multiple convictions on their record. The state argues that none of the respondents satisfies the requirements of the expungement statutes because the record of each respondent contains more than one conviction. The respondents and the amici[5] counter that a petitioner need only be a first offender with respect to the conviction for which expungement is sought; subsequent convictions do not eliminate first-offender status.

 As to our review, it is of paramount importance that we once again articulate the method by which this Court undertakes the process of statutory interpretation. "The construction of legislative enactments is a matter reserved for the courts * * * and, as final arbitrator on questions of construction, it is this court's responsibility in interpreting a legislative enactment to determine and effectuate the Legislature's intent and to attribute to the enactment the meaning most consistent with its policies or obvious purposes." *Brennan v. Kirby,* 529 A.2d 633, 637 (R.I. 1987). In determining legislative intent, " '[i]t is well settled that when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meaning.' " *State v. Martini,* 860 A.2d 689, 691 (R.I.2004). However, in the words of Justice Frankfurter, "legislation is more than composition. It is an active instrument of government which, for purposes of interpretation, means that laws have ends to be achieved." Felix Frankfurter, *Some Reflections on the Reading of Statutes,* 47 Colum. L. Rev. 527, 538 (1947). Statutory language is rarely so clear and unambiguous that further examination is unwarranted. Instead, when the words of the statute are not perfectly clear and unambiguous, "[w]e glean the intent and purpose of the Legislature 'from a consideration of the entire statute, keeping in mind [the] nature, object, language and arrangement' of the provisions to be construed * * *." *In re Advisory to the Governor (Judicial Nominating Commission),* 668 A.2d 1246, 1248 (R.I.1996). In a nutshell, "[i]n matters of statutory interpretation our ultimate goal is to give effect to the purpose of the act as intended by the legislature." *Webster,* 774 A.2d at 75.

Applying these maxims of statutory interpretation to §§§ 12–1.3–1, 12–1.3–2, and 12–1.3–3, we conclude that the Legislature did not intend for the expungement statutes to apply to individuals with multiple convictions. Beginning first with § 12–

---

**5.** We take this opportunity to thank the Office of the Public Defender for its well-written friend of the court brief which advocates for respondents' position. We also extend our thanks to the members of the Roger Williams University Criminal Defense Clinic for their advocacy efforts on behalf of respondent Brunetti.

1.3–1(3), and the definition of "first offender," it is true that the definition specifies that a first offender be one who "has not been previously convicted of or placed on probation for a felony or a misdemeanor and against whom there is no criminal proceeding pending * * *." Subsequent convictions are not explicitly articulated as a bar to achieving first-offender status. However, it would be preposterous to the everyday understanding of what, exactly, a first offender is, to consider a person with one conviction as standing in the very same shoes as one with two or even twenty convictions, and to label them both first offenders.

"[W]e 'will not construe a statute to reach an absurd result.'" *Jeff Anthony Properties v. Zoning Board of Review*, 853 A.2d 1226, 1230 (R.I.2004). Yet, construing the definition of "first offender" in the sense urged by respondents would result in absurdity, as it would welcome into the first-offender pool anyone with a criminal record, without regard to the length and complexity of that record.[6] Thus, when reading the "first-offender" definition in conjunction with § 12–1.3–3, we interpret "first offender" as meaning one who has been convicted of only one offense.[7] We note with close attention the use of "a" as a descriptive term where first offender is defined as "a person who has been convicted of *a* felony offense or *a* misdemeanor offense * * *." Section 12–1.3–1(3) (emphases added.) When used in this context, we ascribe to it the dictionary meaning "any; a single." Random House Unabridged Dictionary 1 (2nd ed. 1993).

Reading § 12–1.3–1 together with §§ 12–1.3–2 and 12–1.3–3, the sections detailing the criteria for filing and granting a motion for expungement, it is clear to us that persons with convictions subsequent to those they are attempting to erase are not eligible for expungement. It is a requirement of the statute "[t]hat in the five (5) years preceding the filing of the motion, if the conviction was for a misdemeanor, or in the ten (10) years preceding the filing of the motion if the conviction was for a felony," the petitioner hasn't been convicted or arrested, and has no criminal charges pending. Section 12–1.3–3(b)(1). The respondents argue that this section requires that a petitioner have a clean record, free of arrests or convictions, merely in the five or ten years, depending on the type of conviction, preceding his filing of a motion for expungement. The respondents' position would allow a person whose record was chock full of convictions, though clean within the most recent five or ten years, to be eligible for expungement. We do not accept this as being the intent of the legislature. We read § 12–1.3–3(b)(1) as referring only to the mandatory waiting periods created in § 12–1.3–2. There, the statute requires that a person wait five years "from the date of the completion of his or her sentence" before filing a motion to expunge a misdemeanor conviction, and ten years for a felony conviction. Section 12–1.3–2(b)(c).

The requirements of § 12–1.3–2 must be strictly complied with; we have previously held that a person who prematurely files a motion for expungement before the completion of the five or ten-year

---

**6.** A conviction for a crime of violence, however, is not eligible for expungement. Section 12–1.3–2(a).

**7.** We note that in *State v. Alejo*, 723 A.2d 762, 764 (R.I.1999) we stated that "[w]e see nothing in §§ 12–1.3–2 or 12–1.3–3 that suggests any ambiguity or lack of clear legislative intention in the wording of those statutory sections." However, in *Alejo* we dealt specifically with the interpretation and application of §§ 12–1.3–2 and 12–1.3–3, and not with § 12–1.3–1 and the definition of "first offender."

waiting period lacks legal standing to file his motion, and as such, a hearing justice has no justiciable matter upon which to act. *State v. Alejo,* 723 A.2d 762, 765 (R.I.1999). It is a well-recognized tenet of this Court that "when we are faced with statutory provisions that are in *pari materia,* we construe them in a manner that attempts to harmonize them and that is consistent with their general objective scope." *State v. Dearmas,* 841 A.2d 659, 666 (R.I.2004). Therefore, we read the five and ten-year periods articulated in § 12–1.3–3(b)(1) as referring back to the mandatory waiting periods established in § 12–1.3–2, and not as creating a new requirement that *only* in the five or ten years preceding the expungement motion must a petitioner have a clean record. We interpret the reference to time frames in § 12–1.3–3 as clarifying the "first offender" definition found in § 12–1.3–1 to preclude individuals with any subsequent convictions from qualifying for expungement.

### Conclusion

For the foregoing reasons, we quash the orders of the Superior Court. The record shall be remanded to the Superior Court with our decision endorsed thereon.