Supreme Court
No. 2023-362-C.A.
(P1/06-506B)

|  |  |  |
|---|---|---|
| State | : | |
| v. | : | |
| Victor Tavares. | : | |

**O R D E R**

The defendant, Victor Tavares, who is not represented by counsel, appeals from a Superior Court order denying his motion for expungement of two convictions. This Court directed the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions, and carefully reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth herein, we affirm the order of the Superior Court.

On February 10, 2006, a Providence County grand jury indicted defendant on two counts of first-degree robbery in violation of G.L. 1956 § 11-39-1 and two counts of conspiracy pursuant to G.L. 1956 § 11-1-6 (the 2006 action). On August

2, 2007, defendant pled nolo contendere to one count of first-degree robbery and one count of conspiracy.

Subsequently, defendant was indicted on two counts of first-degree sexual assault in violation of G.L. 1956 § 11-37-2 and one count of conspiracy. A jury convicted defendant of these three charges. Pursuant to Rule 32(f) of the Superior Court Rules of Criminal Procedure, the state submitted a report averring that the conduct described in the 2018 indictment violated defendant's probation originating from the 2006 action. The defendant was determined to be in violation of his probation and was sentenced accordingly.

On December 5, 2022, defendant filed a motion for expungement in the 2006 action, stating that the 2006 action was never true-billed by the grand jury nor read in open court and that G.L. 1956 § 12-1.3-2(a) violates both the United States and state constitutions given that it excludes violent offenders. In a bench decision following a hearing, the Superior Court denied defendant's motion on March 7, 2023, determining that defendant's motion was akin to a petition for postconviction relief and should have been filed as such. The defendant then appealed that determination.[1] An order reflecting the hearing justice's decision entered on March 15, 2023.

---

[1] Because the order denying defendant's motion entered on March 15, 2023, and the notice of appeal was submitted on March 14, 2023, defendant's appeal was

On appeal, defendant challenges the constitutionality of the expungement statute. During oral argument, defendant acknowledged that he was challenging his underlying conviction on constitutional grounds. The defendant certainly has a right to be heard on a purported violation of his constitutional rights. *See* G.L. 1956 § 10-9.1-1. His vehicle to do so, however, is not a motion for expungement. In fact, this Court has previously denied a similar attempt by defendant to challenge his underlying conviction in a probation violation stemming from his sexual assault conviction. *See State v. Tavares*, 251 A.3d 895, 897 (R.I. 2021) (mem.) ("[T]he proper method for defendant to contest the procedures surrounding his plea in the underlying case is through an application for postconviction relief in that case."). Postconviction-relief petitions exist squarely for those who allege a violation of their constitutional rights and who accordingly seek a vacation of their conviction(s). *See* § 10-9.1-1.

Furthermore, we perceive no error in the hearing justice's denial of the motion to expunge. Section 12-1.3-2(a) is not applicable to defendant, who plainly is not a first offender and whose convictions for crimes of violence currently stand. *State v. Badessa*, 869 A.2d 61, 65-66 (R.I. 2005); *see* § 12-1.3-1(1) (defining crime of violence).

---

premature. However, the premature notice of appeal is valid because the final order was later entered. *State v. Rolle*, 84 A.3d 1149, 1154 n.6 (R.I. 2014).

For the reasons stated herein, we affirm the order of the Superior Court. The record shall be returned to the Superior Court.


Entered as an Order of this Court this 21st day of October, 2024.

By Order,


/s/ Meredith A. Benoit, Clerk
_____
Clerk



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | State of Rhode Island v. Victor Tavares. | |
| **Case Number** | No. 2023-362-C.A.<br>(P1/06-506B) | |
| **Date Order Filed** | October 21, 2024 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Joseph A. Montalbano | |
| **Attorney(s) on Appeal** | For State:<br><br>Christopher R. Bush<br>Department of Attorney General | |
| | For Defendant:<br><br>Victor A. Tavares, *pro se* | |